UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY FRIEDRICH ENTERPRISES, LLC and GARY FRIEDRICH,<br><br>Plaintiffs,<br><br>- against -<br><br>MARVEL ENTERPRISES, INC., MARVEL ENTERTAINMENT, INC., MARVEL STUDIOS, INC., MARVEL CHARACTERS, INC., HASBRO, INC., TAKE-TWO INTERACTIVE, COLUMBIA TRI-STAR MOTION PICTURE GROUP, COLUMBIA PICTURES INDUSTRIES, INC., CRYSTAL SKY PICTURES, RELATIVITY MEDIA LLC, MICHAEL DELUCA PRODUCTIONS, INC., SONY PICTURES ENTERTAINMENT, INC. and SONY CORPORATION OF AMERICA,<br><br>Defendants. | 08-CV-01533 (BSJ) (JCF) |

### DECLARATION OF JODI A. KLEINICK IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER VENUE

Jodi A. Kleinick hereby declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of Paul, Hastings, Janofsky & Walker LLP, attorneys for defendants Marvel Entertainment, Inc., Marvel Studios, Inc. and Marvel Characters, Inc. (together, "Marvel"), Hasbro, Inc. ("Hasbro"), Take-Two Interactive ("Take-Two"), Columbia Pictures Industries, Inc. ("Columbia"), Crystal Sky Pictures ("Crystal Sky"), Relativity Media LLC ("Relativity"), Michael DeLuca Productions ("DeLuca") and Sony Pictures Entertainment, Inc. ("Sony" and collectively with the other defendants, the "Defendants") in this action.

2. Defendants anticipate calling the following party witnesses should this action proceed to trial:

(a) *Marvel*: As set forth in the accompanying declaration of Carol Pinkus dated May 28, 2008 (the "Marvel Decl."), Marvel Entertainment, Inc. (formerly known as Marvel Enterprises, Inc.) is a Delaware corporation which maintains its principal place of business in New York; both Marvel Characters, Inc. and Marvel Studios, Inc. are Delaware corporations which maintain their principal places of business in California. None of the Marvel defendants has any offices or employees in Missouri. The Marvel defendants currently anticipate calling at least three party witnesses to testify on their behalf, all of whom are located in New York.

(b) *Hasbro*: As set forth in the accompanying declaration of Eric Nyman dated May 28, 2008 (the "Hasbro Decl."), Hasbro, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island. Hasbro does not have any offices or any employees located in Missouri, but recently opened a small office in Beverly Hills, California. Hasbro currently anticipates calling at least one party witness to testify on its behalf, and that witness is located in Rhode Island but has reason to travel to New York.

(c) *Take Two*: As set forth in the accompanying declaration of Christina Recchio dated May 28, 2008 (the "Take-Two Decl."), Take Two is a Delaware corporation with its principal place of business in New York. Take Two does not have any offices or any employees located in Missouri. Take-Two currently anticipates calling two party witnesses to testify on its behalf, both of whom are located in New York.

(d) *Crystal Sky*: As set forth in the accompanying declaration of Steven Paul dated May 28, 2008 (the "Crystal Sky Decl."), Crystal Sky is a California limited liability company with its principal place of business in Los Angeles, California. Crystal Sky does not have any offices or any employees located in Missouri. Crystal Sky currently

LEGAL_US_E # 79305271.4

anticipates calling at least one party witness to testify on its behalf, and that witness is located in California but has reason to travel to New York.

(e) *DeLuca*: As set forth in the accompanying declaration of Michael DeLuca dated May 28, 2008 (the "DeLuca Decl."), DeLuca is a California corporation with its principal place of business in Culver City, California. Deluca does not have any offices or any employees located in Missouri. Michael DeLuca, who resides in California but who travels regularly to New York, currently anticipates that he will testify on behalf of DeLuca.

(f) *Relativity*: As set forth in the accompanying declaration of Aaron Michiel dated May 28, 2008 (the "Relativity Decl."), Relativity Media, LLC is a California limited liability company with its principal place of business in West Hollywood, California. Relativity does not have any offices or any employees located in Missouri. Relativity currently anticipates calling at least one party witness to testify on its behalf, who is located in California but has reason to travel to New York.

(g) *Sony/Columbia*: As set forth in the accompanying declaration of Susan Deardorff dated May 29, 2008 (the "Sony/Columbia Decl."), Sony Pictures Entertainment, Inc. ("Sony") is a Delaware corporation with its principal place of business in Culver City, California. Sony does not have any offices in Missouri. Columbia Pictures Industries, Inc. ("Columbia"), an indirect subsidiary of Sony, is a Delaware corporation with its principal place of business in Culver City, California. Columbia Tri-Star Motion Picture Group is not a legal entity, and has no place of incorporation and no principal place of business.[1] Columbia does not

---

[1] Defendants' counsel have advised Plaintiffs' counsel of this fact and have requested that Plaintiffs voluntarily dismiss this action as against Columbia Tri-Star Motion Picture Group. Should Plaintiff refuse, Columbia intends to file a motion to dismiss this action as against
(continued...)

have any offices in Missouri. Sony and Columbia currently anticipate calling two party witnesses to testify on their behalf, both of whom are located in California but have occasion to travel to New York.

3.  Defendants also anticipate calling the following non-party witnesses should this action proceed to trial:

(a) *Mike Ploog*: Mr. Ploog resides in London, England, and will testify concerning the creation of the works at issue in this action, and his and others' creative contribution to those works.

(b) *Roy Thomas*: Mr. Thomas resides in North Carolina, and will testify concerning the creation of the works at issue in this action, and his and others' creative contribution to those works.

(c) *Stan Lee*: Mr. Lee resides in Los Angeles, California, and will testify concerning the creation of the works at issue in this action, his and others' creative contribution to those works, and Marvel's arrangement with the various creative contributors regarding the ownership of the rights in and to the copyrights for those works. Mr. Lee will also testify concerning Marvel's practice regarding the ownership of the copyrights in or to materials created for publication by Marvel throughout the 1960s and 1970s.

(d) *James (a.k.a. Jim) Shooter*: Mr. Shooter resides in New York, and will testify concerning Marvel's practice regarding the ownership of the copyrights in or to materials created for publication by Marvel throughout the 1970s.

---

(...continued)
Columbia Tri-Star Motion Picture Group because that entity is not a legal entity and has no capacity to be sued.

      4.      Plaintiffs argue in their moving papers that it is more convenient for potential witnesses to travel to the Eastern District of Missouri than to the Southern District of New York. At my direction, one of my colleagues analyzed the flight schedules from the cities in which the identified witnesses reside to both New York and St. Louis to compare the relative ease with which witnesses can travel to both forums using the internet travel site www.oag.com ("OAG"). OAG is known for providing comprehensive information regarding the frequency of flights between cities, and is tailored to meet the needs of the business world. The information gathered from this website is summarized below, and demonstrates that it is much more convenient for all of the potential witnesses to travel to New York than to St. Louis.

      5.      Of course, retaining this action in New York would eliminate the need for the six New York-based witnesses (three Marvel, two Take-Two and Mr. Shooter) to travel anywhere, whereas all but two witnesses (Mr. Friedrich and Mr. Schack) would be required to travel were this action transferred to Missouri. Moreover, from London, England, where Mr. Ploog resides, there are roughly 35 direct flights to New York each day. In comparison, to reach St. Louis, Mr. Ploog would be required to take a much longer connecting flight, and there are only 12 connecting flights to St. Louis each day. Mr. Thomas, who resides in North Carolina, would likely travel out of either Charlotte or Raleigh-Durham. From Charlotte, there are 20 direct flights to New York each day. From Raleigh-Durham, there are eight direct flights to New York each day. In comparison, there is only one direct flight each day from Charlotte to St. Louis, and only four direct flights each day from Raleigh-Durham to St. Louis. The six California-based witnesses, including Mr. Lee, can reach New York via one of nearly 60 daily

direct flights.[2] In comparison, there are only 12 daily direct flights from Los Angeles to St. Louis. Should this action be transferred to the Eastern District of Missouri, the six New York based witnesses would only have access to seven daily direct flights to St. Louis, or they would be required to take a connecting flight that is nearly twice as long. From Rhode Island, there are 15 direct daily flights to New York, as opposed to only one direct daily flight to Missouri. Were the Hasbro representative to fly from Boston, (s)he would have access to 50 direct daily flights to New York as opposed to only four to St. Louis. Clearly, although it might be more convenient for Mr. Friedrich were this action to be transferred to the Eastern District of Missouri, it would be much more convenient for *all* of the witnesses to travel to New York than to the Eastern District of Missouri.

6.    Similarly, while less convenient than New York, it would be more convenient for all of the witnesses to travel to the Central District of California than to the Eastern District of Missouri. From New York, there are over 50 Los Angeles bound direct flights each day, as compared to the seven direct flights from New York into St. Louis. From London, there are 13 direct flights to Los Angeles but, as noted above, no direct flights to St. Louis. While there are a limited number of direct flights from Charlotte or Raleigh-Durham to either Los Angeles or St. Louis, there are significantly more connecting flights available from both cities to Los Angeles (approximately 20) than there are to St. Louis (only four). From Rhode Island, there are 14 direct flights to Los Angeles each day but as noted above only one daily direct flight from Rhode Island to St. Louis. Were the Hasbro representative to fly from

---

[2] In an effort to create the misimpression that there are additional California witnesses who might find it more convenient to travel to Missouri than to New York, plaintiffs identified Nicolas Cage, the star of the Ghost Rider movie, and Steven Michael Douglas, a producer of the movie, as potential witnesses. These "witnesses" would have no relevant testimony, and Plaintiffs' attempt to count them for purposes of this analysis is dubious at best.

Boston, there are 14 daily direct flights from Boston to Los Angeles, as compared to only four daily direct flights from Boston to St. Louis.

7. Plaintiffs also argue in their moving papers that the Eastern District of Missouri is more familiar with Illinois law (which Plaintiffs contend applies to their state court claims) than the Southern District of New York. At my direction, one of my colleagues conducted a Westlaw search of reported decisions in the past 10 years to determine how many times the Southern District of New York has issued a decision in which Illinois law was applied, as compared to the Eastern District of Missouri. In the past 10 years, there were 57 reported decisions in which the Southern District of New York applied Illinois law in deciding state law claims, as compared to only 14 reported decisions in which the Eastern District of Missouri had occasion to apply Illinois law. Attached as Exhibit A is a list of these reported decisions. The Southern District of New York has therefore had considerable more experience applying Illinois law than the Eastern District of Missouri.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2008 in New York, New York.

*Jodi Kleinick*
JODI A. KLEINICK

# EXHIBIT A

**Exhibit A**

**Southern District of New York Decisions Applying Illinois Law from 1997-2008:**

1. *Arbitron, Inc. v. Marathon Media, LLC*, No. 07 Civ. 2099, 2008 WL 892366 (S.D.N.Y. Apr. 1, 2008)

2. *TSR Silicon Resources, Inc. v. Broadway Com Corp.*, No. 06 Civ. 9419, 2007 WL 4457770 (S.D.N.Y. Dec. 14, 2007)

3. *Health Alliance Network, Inc. v. Continental Cas. Co.*, 245 F.R.D. 121 (S.D.N.Y. 2007)

4. *In re Parmalat Sec. Litig.*, Nos. 04 MD 1653, 04 Civ. 9771, 2007 WL 541466 (S.D.N.Y. Feb. 22, 2007)

5. *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Lit.*, 241 F.R.D. 435 (S.D.N.Y. 2007)

6. *In re Parmalat Sec. Litig.*, No. 04 Civ. 9771, 2006 WL 2668367 (S.D.N.Y. Sept. 14, 2006)

7. *In re Refco Inc.*, No. 06 Civ. 2133, 2006 WL 2664215 (S.D.N.Y. Sept. 13, 2006)

8. *Hughes v. LaSalle Bank, N.A.*, No. 02 Civ. 6384, 2006 WL 1982983 (S.D.N.Y. July 14, 2006)

9. *Bondi v. Grant Thornton Int'l*, No. 04 Civ. 9771, 2006 WL 1817313 (S.D.N.Y. June 30, 2006)

10. *In re Canon Cameras*, No. 05 Civ. 7233, 2006 WL 1751245 (S.D.N.Y. June 23, 2006)

11. *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Lit.*, Nos. 1:00-1898, MDL 1358, M21-88, 2006 WL 1004725 (S.D.N.Y. Apr. 17, 2006)

12. *Riverside Marketing, LLC v. Signaturecard, Inc.*, 425 F. Supp. 2d 523 (S.D.N.Y. 2006)

13. *In re Parmalat Sec. Litig.*, 421 F. Supp. 2d 703 (S.D.N.Y. 2006)

14. *Hughes v. LaSalle Bank, N.A.*, 419 F. Supp. 2d 605 (S.D.N.Y. 2006)

15. *St. Paul Fire and Marine Ins. Co. v. Schneider Nat'l Carriers, Inc.*, No. 03 Civ. 5197, 2006 WL 522455 (S.D.N.Y. Mar. 3, 2006)

16. *Stone v. Travis*, No. 05 Civ. 6249, 2006 WL 334648 (S.D.N.Y. Feb. 9, 2006)

17. *Motorola Credit Corp. v. Uzan*, 413 F. Supp. 2d 346 (S.D.N.Y. 2006)

18. *Brooks v. AON Corp.*, 404 F. Supp. 2d 567 (S.D.N.Y. 2005)

19. *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Lit.*, 399 F. Supp. 2d 325 (S.D.N.Y. 2005)

20. *In re Parmalat Sec. Litig.*, 377 F. Supp. 2d 390 (S.D.N.Y. 2005)

21. *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Lit.*, 379 F. Supp. 2d 348 (S.D.N.Y. 2005)

22. *SCFB Holt LLC v. Collins Stewart Ltd.*, No. 02 Civ. 3069, 2004 WL 1794499 (S.D.N.Y. Aug. 10, 2004)

23. *Williams v. Dow Chemical Co.*, 255 F. Supp. 2d 219 (S.D.N.Y. 2003)

24. *The Interpublic Group of Companies, Inc. v. Fratacangelo*, No. 00 Civ. 3323, 2002 WL 31682389 (S.D.N.Y. Nov. 26, 2002)

25. *Vapac Music Publ'g, Inc. v. Tuff 'N' Rumble Mgmt., Inc.*, No. 99 Civ. 10656, 2002 WL 31519612 (S.D.N.Y. Nov. 8, 2002)

26. *Wells Fargo Bank Nw., N.A. v. Energy Ammonia Transp. Corp.*, No. 01 Civ. 5861, 2002 WL 31368264 (S.D.N.Y. Oct. 21, 2002)

27. *Health Alliance Network, Inc. v. Continental Cas. Co.*, No. 01 Civ. 5858, 2002 WL 31307162 (S.D.N.Y. Oct. 15, 2002)

28. *Holowecki v. Federal Express Corp.*, No. 02 Civ. 3355, 2002 WL 31260266 (S.D.N.Y. Oct. 9, 2002)

29. *Webpro Inc. v. Petrou*, No. 02 Civ. 3465, 2002 WL 31132889 (S.D.N.Y. Sept. 25, 2002)

30. *Daiwa Special Asset Corp. v. Desnick*, No. 00 Civ. 3856, 2002 WL 1997922 (S.D.N.Y. Aug. 29, 2002)

31. *Deere & Co. v. MTD Prods., Inc.*, No. 00 Civ. 5936, 2002 WL 1837402 (S.D.N.Y. Aug. 12, 2002)

32. *Wells Fargo Bank Nw., N.A. v. Energy Ammonia Transp. Corp.*, No. 01 Civ. 5861, 2002 WL 1343757 (S.D.N.Y. June 18, 2002)

33. *Motorola Credit Corp. v. Uzan*, 202 F. Supp. 2d 239 (S.D.N.Y. 2002)

34. *Mopex, Inc. v. American Stock Exch., LLC*, No. 02 Civ. 1565, 2002 WL 523417 (S.D.N.Y. Apr. 5, 2002)

35. *Fedders Corp. v. Haier Am. Trading, LLC*, No. 00 Civ. 5583, 2002 WL 519733 (S.D.N.Y. Apr. 4, 2002)

36. *Mopex, Inc. v. American Stock Exch., LLC*, No. 02 Civ. 1565, 2002 WL 342522 (S.D.N.Y. Mar. 5, 2002)

37. *SI Commc'n, Inc. v. Nielsen Media Research*, 181 F. Supp. 2d 404 (S.D.N.Y. 2002)

38. *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Lit.*, 175 F. Supp. 2d 593 (S.D.N.Y. 2001)

39. *United Magazine Co. v. Murdoch Magazines Distrib., Inc.*, 146 F. Supp. 2d 385 (S.D.N.Y. 2001)

40. *Zen Continental Co. v. Intercargo Ins. Co.*, 151 F. Supp. 2d 250 (S.D.N.Y. 2001)

41. *Diversified Group, Inc. v. Daugerdas*, 139 F. Supp. 2d 445 (S.D.N.Y. 2001)

42. *Techcapital Corp. v. Amoco Corp.*, No. 99 Civ. 5093, 2001 WL 267010 (S.D.N.Y. Mar. 19, 2001)

43. *Boyd v. Univ. of Ill.*, No. 96 Civ. 9327, 2001 WL 246402 (S.D.N.Y. Mar. 13, 2001)

44. *Mashreqbank psc v. Heller Financial, Inc.*, No. 99 Civ. 4748, 2001 WL 11065 (S.D.N.Y. Jan. 4, 2001)

45. *Marketing/Trademark Consultants, Inc. v. Caterpillar Inc.*, No. 98 Civ. 2570, 2000 WL 1708169 (S.D.N.Y. Nov. 14, 2001)

46. *Coach v. We Care Trading Chicago, Ltd.*, No. 99 Civ. 3544, 2000 WL 1649514 (S.D.N.Y. Nov. 2, 2000)

47. *Marketing/Trademark Consultants, Inc. v. Caterpillar, Inc.*, No. 98 Civ. 2570, 2000 WL 1459777 (S.D.N.Y. Sept. 29, 2000)

48. *Vandenberg v. Adler*, No. 98 Civ. 3544, 2000 WL 342718 (S.D.N.Y. Mar. 31, 2000)

49. *Pal v. Sinclair*, 90 F. Supp. 2d 393 (S.D.N.Y. 2000)

50. *Union Bank of Switzerland v. Deutsche Fin. Servs. Corp.*, No. 98 Civ. 3251, 2000 WL 178278 (S.D.N.Y. Feb. 16, 2000)

51. *Marketing/Trademark Consultants, Inc. v. Caterpillar, Inc.*, 2000 WL 648162 (S.D.N.Y. May 19, 2000)

52. *Marketing/Trademark Consultants, Inc. v. Caterpillar, Inc.*, No. 98 Civ. 2570, 1999 WL 721954 (S.D.N.Y. Sept. 16, 1999)

53. *State-Wide Capital Corp. v. Superior Bank FSB*, No. 98 Civ. 0817, 1999 WL 258268 (S.D.N.Y. Apr. 29, 1999)

54. *Union Bank of Switzerland v. Deutsche Fin Servs. Corp.*, No. 98 Civ. 3251, 1999 WL 101766 (S.D.N.Y. Mar. 1, 1999)

55. *Nationwide Life Ins. Co. v. Hearst/ABC Video Entm't Servs.*, No. 93 Civ. 2680, 1998 WL 229445 (S.D.N.Y. May 7, 1999)

56. *Regal Custom Clothiers, Ltd. v. Mohan's Custom Tailors, Inc.*, No. 96 Civ. 6320, 1997 WL 370595 (S.D.N.Y. July 1, 1997)

57. *Harbor Software, Inc. v. Applied Systems, Inc.*, No. 92 Civ. 8097, 1997 WL 73700 (S.D.N.Y. Feb. 20, 1997)

**Eastern District of Missouri Reported Decisions Applying Illinois Law from 1997-2008:**

1. *Alvarado-Puente v. A & A Enters.*, No. 1:07CV115, 2008 WL 1805643 (E.D. Mo. Apr. 18, 2008)

2. *Paramount Props., LLC v. LaSalle Bank Nat'l Ass'n*, No. 4:08CV00193, 2008 WL 948284 (E.D. Mo. Apr. 4, 2008)

3. *Avante Intern. Tech. Corp. v. Premier Election Solutions, Inc.*, No. 4:06CV0978, 2008 WL 686324 (E.D. Mo. Mar. 10, 2008)

4. *U.S. v. Mitchell*, No. 4:05CV00184, 2007 WL 3022210 (E.D. Mo. Oct. 12, 2007)

5. *Schoenbaum v. E.I. Dupont De Nemours and Co.*, 517 F. Supp. 2d 1125 (E.D. Mo. 2007)

6. *American Economy Ins. Co. v. EMI Enters., Inc.*, No. 4:04CV47, 2006 WL 1522997 (E.D. Mo. May 30, 2006)

7. *Myers v. Life Ins. Co. of N. Am.*, No. 4:05CV355, 2005 WL 3555833 (E.D. Mo. Dec. 28, 2005)

8. *Kern v. U.S.*, No. 1:04CV162, 2005 WL 2071731 (E.D. Mo. Aug. 26, 2005)

9. *Brandenburg v. Life and Health Ins. Co. of Am.*, No. 4:03CV00565, 2004 WL 5500119 (E.D. Mo. May 11, 2004)

10. *Sample v. Monsanto Co.*, 283 F. Supp. 2d 1088 (E.D. Mo. 2003)

11. *Pepsico, Inc. v. Baird, Kurtz & Dobson, LLP*, 206 F.R.D. 646 (E.D. Mo. 2002)

12. *Anderson v. Principia Corp.*, 202 F. Supp. 2d 950 (E.D. Mo. 2001)

13. *In re Lewis & Clark Marine, Inc.*, 50 F. Supp. 2d 925 (E.D. Mo. 1999)

14. *Colonial Ins. Co. of CA v. Torrez*, No. 4:95CV2393, 1997 WL 102437 (E.D. Mo. Mar. 4, 1997)

LEGAL_US_E # 79588596.3