UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GARY FRIEDRICH ENTERPRISES, LLC and
GARY FRIEDRICH,

                              Plaintiffs,

- against -

MARVEL ENTERPRISES, INC., MARVEL
ENTERTAINMENT, INC., MARVEL
STUDIOS, INC., MARVEL CHARACTERS,
INC., HASBRO, INC., TAKE-TWO
INTERACTIVE, COLUMBIA TRI-STAR
MOTION PICTURE GROUP, COLUMBIA
PICTURES INDUSTRIES, INC., CRYSTAL
SKY PICTURES, RELATIVITY MEDIA LLC,
MICHAEL DELUCA PRODUCTIONS, INC.,
SONY PICTURES ENTERTAINMENT, INC.
and SONY CORPORATION OF AMERICA,

                              Defendants.

08-CV-01533 (BSJ) (JCF)

---

## DECLARATION OF CAROL PINKUS IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER VENUE

Carol Pinkus hereby declares pursuant to 28 U.S.C. § 1746 as follows:

1.     I am the Director of Intellectual Property of defendant Marvel Entertainment, Inc., formerly known as Marvel Enterprises, Inc. ("Marvel Entertainment"). I submit this declaration on behalf of Marvel Entertainment and defendants Marvel Studios, Inc. ("Marvel Studios") and Marvel Characters, Inc. ("Marvel Characters" and together with Marvel Entertainment and Marvel Studios, the "Marvel Defendants") in opposition to plaintiffs' motion to re-transfer venue of this action from the Southern District of New York to the Eastern District of Missouri.

2.     Marvel Entertainment is a Delaware corporation which maintains its principal place of business in New York. Marvel Characters and Marvel Studios are both

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Delaware corporations which maintain their principal places of business in California, and are indirect wholly owned subsidiaries of Marvel Entertainment. None of the Marvel Defendants has any offices or employees in Missouri.

    3. Marvel currently anticipates that the following party witnesses will testify on its behalf:

    (a) A representative of Marvel will testify concerning Marvel's licensing activities relating to Ghost Rider and the other characters at issue in this action. At all times relevant, Marvel's licensing operations (including its licensing of rights for movies, television and merchandising) have been conducted entirely out of its offices in New York, and the representative who will testify regarding Marvel's activities as they pertain to Ghost Rider will be a New York-based employee.

    (b) A financial representative of Marvel will testify concerning Marvel's revenues and expenses relating to its promotion and licensing of Ghost Rider and the other characters at issue in this action. All of Marvel's accounting operations are conducted out of its offices in New York, and the representative who will testify regarding the financial aspects of Marvel's promotion and licensing of Ghost Rider will be a New York-based employee.

    (c) A Marvel custodian of records will testify concerning the authenticity and existence of Marvel business records, including copyright registrations, licensing agreements, royalty statements, expense documents and other documents relating to the issues in this action. All of Marvel's official business records are maintained in Marvel's offices in New York, and Marvel's custodian of records will necessarily be a New York-based employee.

4.  As the defendants established in the papers submitted to the Southern District of Illinois in connection with their motion to transfer this action to the Southern District of New York, New York is the most convenient and appropriate forum for this action for all of the parties. Plaintiff Gary Friedrich alleges that he pitched his idea in New York to Magazine Management Co., Inc. ("MMC"). MMC was a Delaware corporation with its principal and only place of business in New York. MMC published comics featuring the Ghost Rider character out of its New York offices for over 35 years and conducted all of its licensing activities relating to the character from those offices.

5.  Plaintiffs argue that the New York presence of Marvel should have little, if any, relevance in determining whether this action should proceed in New York. The underlying rationale for plaintiffs' argument is based on a misapprehension or misunderstanding to the effect that there is no relationship between MMC and Marvel. In fact, as demonstrated below, MMC is Marvel's predecessor in interest and all of MMC's rights pertaining to the Ghost Rider property were legally assigned to Marvel.

6.  MMC was formed in 1968 as a wholly-owned subsidiary of Cadence Industries Corporation, formerly known as Perfect Film & Chemical Corporation ("Cadence"). On January 1, 1972, MMC assigned all of its rights and interests in all of the copyrights it held, including the copyrights to the Ghost Rider works, to its parent, Cadence. On December 29, 1986, the stock of Cadence was acquired by New World Entertainment, Ltd. ("New World") pursuant to a stock purchase agreement dated November 20, 1986 and on that date Cadence transferred all of its rights and interests in all of the copyrights it held, including the copyrights to the Ghost Rider works, to Marvel Entertainment Group, Inc. ("MEG"). A copyright assignment dated September 1, 1995 and recorded in the Copyright Office on April 3, 1996 transferred all of

the copyrights held by MEG, including the copyrights to the Ghost Rider works to Marvel Characters.

7. In December 1996, MEG and its subsidiaries filed for bankruptcy protection under chapter 11 of the Bankruptcy Code and, in accordance with the confirmed reorganization plan for MEG and its subsidiaries, on or about October 1, 1998 MEG became a wholly-owned subsidiary of Toy Biz, Inc., which changed its name to Marvel Enterprises, Inc. and, as noted above, is now known as Marvel Entertainment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2008 in New York, New York.

_____
CAROL PINKUS