UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
GARY FRIEDRICH ENTERPRISES, LLC, ET AL.,

                Plaintiffs,

   -against-


MARVEL ENTERPRISES, ET AL.,

                Defendants.
------------------------------------------------------------

08-CV-01533 (BSJ)(JCF)


**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THEIR MOTION TO TRANSFER THIS ACTION TO
THE EASTERN DISTRICT OF MISSOURI PURSUANT TO 28 U.S.C. § 1404**


| | | |
|---|---|---|
| SIMON•LESSER PC | ROTH EVANS, P.C. | RIEZMAN BERGER, P.C. |
| 420 Lexington Avenue | 2421 Corporate Centre Drive | 7700 Bonhomme, 7th Floor |
| New York, NY 10170 | Suite 200 | St. Louis, Missouri 63105 |
| t:212.599.5455 | Granite City, IL 62040 | t:314.727.0101 |
| f:212.599.5459 | t:618.931.5000 | f:314.727.6458 |
| | f:618.931.6474 | |

                Attorneys for plaintiffs Gary Friedrich
                Enterprises, LLC and Gary Friedrich

291381                i

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................iii

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT ..............................................................................................................1

A. The "Law of the Case" Doctrine Does Not Apply to Plaintiffs
§1404 Motion.................................................................................................1

B. Defendants' Claim that Plaintiffs' Motion Does Not Argue or
Establish That the Eastern District of Missouri is a More Convenient
Forum is Belied by the Filed Pleadings.........................................................3

C. Familiarity with the State Law Claims Favors Transfer.................................7

D. If this Court Were to Believe That the Illinois Court's Transfer
to the SDNY Somehow Triggers a "Second Type" Rule of the
"Law of the Case" Analysis, the Result Would Not Change.........................7

E. The Facts Do Not Support a Transfer to the Central District of California.........10

CONCLUSION...........................................................................................................10

# TABLE OF AUTHORITIES

**Case law**                                                                                          **Page(s)**

*Alfadda v. Fenn*, 966 F. Supp. 1317 (S.D.N.Y. 1997)……………..……………..…..7

*Arizona v. California*, 460 U.S. 605 (1983)……………………………………......2, 9

*BMC Industries, Inc. v. Employers Ins. of Wausau*, 1991 U.S. Dist. LEXIS 1243
(N.D.N.Y Feb. 2, 1991)……………………………………………………………...2

*Christianson v. Colt Industries Operating Corp.* 486 U.S. 800 (1988)……………..…9

*DiLaura v. Power Auth.*, 982 F.2d 73 (2d Cir. 1992)…………..…………………….9

*Dwyer v. General Motors Corp.*, 853 F. Supp. 690 (S.D.N.Y. 1994)……………….6

*Goldstein v. Rusco Industries, Inc.*, 351 F. Supp. 1314 (E.D.N.Y. 1972)…………...6

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839 (1947)…………..4

*Kerman v. City of New York*, 374 F.3d 93 (2d Cir. 2004)……………………………1

*Kolko v. Holiday Inns, Inc.*, 672 F. Supp. 713 (S.D.N.Y. 1987)………………….4, 6

*Midwest Precision Services, Inc. v. PTM Industries Corp.*, 574 F. Supp. 657
(N.D. Ill. 1983)………………………………………………………………………...8

*Nieves v. American Airlines*, 700 F. Supp. 769 (S.D.N.Y. 1988)…………………….4

*Pall Corp. v. PTI Techs.*, 992 F. Supp. 196 (E.D.N.Y. 1998)………………………8

*Rezzonico v. H & R Block, Inc.*, 182 F.3d 144 (2d Cir. 1999)……………………...2

*Royal & Sunalliance v. British Airways* 167 F. Supp. 2d 573
(S.D.N.Y. 2001)………………………………………………………………...4, 6

*Virgin Atl. Airways v. National Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992)……….2

*White v. Murtha*, 377 F.2d 428 (5th Cir. 1967)……………………………………9

Plaintiffs Gary Friedrich Enterprises, LLC ("GFE") and Gary Friedrich ("Friedrich," hereinafter referred to collectively as "Plaintiffs") submit this Reply Memorandum of Law in further support of their Motion to Transfer this case to the Eastern District of Missouri. As discussed in more detail below, despite their length and number, defendants' opposition papers do not justify the denial of the Motion. Rather, defendants' papers: mischaracterize plaintiffs' moving papers; mischaracterize the prior motions and rulings of the Illinois District Court; and improperly attempt to lure this Court into misapplying the "law of the case" doctrine, and its purported application here.

## ARGUMENT

### A. The "Law of the Case" Doctrine Does Not Apply to Plaintiffs § 1404 Motion

Defendants' principal argument in opposition to this transfer Motion that this Court is somehow precluded from determining whether this case should be transferred to the Eastern District of Missouri due to the "law of the case" doctrine. Defendants are wrong.

The phrase "law of the case" is used in two differing contexts. The first, the actual "law of the case" doctrine, provides that rulings of appellate courts on a specific issue are binding on lower courts later in the same litigation, and preclude differing rulings on that issue. *See, e.g.*, *Kerman v. City of New York*, 374 F.3d 93, 109-110 (2d Cir. 2004). Of course, in the instant case, there is no appellate ruling. Hence there is no law of the case to apply.

The second instance in which the phrase "law of the case" is used by modern courts is technically inaccurate, but it has become a matter of common parlance, especially in transfer contexts such as the one now before the Court. In this latter context, "law of the case" is used to refer to decisions of a prior District court made in a

case pending before a different District Court. However, such prior decisions of a sister Court, though referred to as "law of the case," do not preclude the Court from considering issues previously decided if they arise before it. Rather, the rule provides that the transferee court has the discretion, to be applied or not applied based on the circumstances at issue, to choose not to revisit the issue if so <u>determined</u>. *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 149 (2d Cir. 1999); *Virgin Atl. Airways v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). The second type of "law of the case" does not limit the Court's power in any manner or degree. *See, e.g., Arizona v. California*, 460 U.S. 605, 618 (1983) (law of the case directs a court's discretion, but does not limit the tribunal's power.)

Further, even in this latter context, there must have been a prior ruling on the issue in question before the issue of whether it is appropriate to defer consideration even arises. *See, e.g., BMC Industries, Inc. v. Employers Ins. of Wausau*, 1991 U.S. Dist. LEXIS 1243 (N.D.N.Y Feb. 2, 1991). Accordingly, the question of whether this Court should discretionarily choose not to consider the plaintiffs' Motion under this second type of "law of the case" does not even arise because there was no prior decision by the Illinois District Court relating to the question presented here.

Contrary to defendants' erroneous contention, plaintiffs' instant Motion to Transfer does <u>not</u> raise an issue previously decided by the Illinois District Court in this litigation. Plaintiffs seek a transfer to the Eastern District of Missouri. Defendants did not seek nor raise the possibility of such a transfer in their Motion to Transfer the case to this District. Plaintiffs did not raise the issue in their prior response. No motion to transfer was filed in the Illinois District Court requesting such relief.

291381 2

Although plaintiffs did raise the possibility of transfer to the Eastern District of Missouri as a form of alternative relief in their Motion to Reconsider the Illinois District Court's transfer of the case to this District, the Illinois Court expressly did not rule on that request, noting that it would not do so because it was brought up upon reconsideration and had not been previously raised. The Court held:

> Litigants may not use Rule 59(e) to raise arguments that could have been raised prior to the Court's Order. [Id.]. Plaintiffs had the opportunity to request transfer to the Eastern District of Missouri when it opposed defendants' motion for transfer to the Southern District of New York and failed to do so.

Order of January 30, 2008, Lesser 5/2/08 Aff. Ex. at pg 6.

Thus, defendants' contention that this issue was substantively considered and decided by the Illinois Court is obviously in error. The issue before this Court has never been addressed on the merits, and there is no "law of the case" to apply. Plaintiffs' instant Motion to Transfer is thus proper, and should be granted for the reasons set forth in their moving papers and below.

**B.  Defendants' Claim that Plaintiffs' Motion Does Not Argue or Establish that the Eastern District of Missouri is a More Convenient Forum is Belied by the Filed Pleadings**

Defendants also claim that plaintiffs' motion does not argue or establish that the Eastern District of Missouri is more convenient than the Southern District of New York. *See* Defendants' Brief at 11-21. This is silly. The entire purpose and focus of plaintiffs' Motion papers was to present this issue. Every element required for transfer under applicable law has been met. *See* Plaintiffs' Moving Brief at 18-27. Plaintiffs will not unduly lengthen this Reply Brief by re-stating each of the facts and arguments previously addressed.

Certainly, the more convenient nature of the Missouri forum is indicated by the fact that the two plaintiffs in this action *both* reside in or within miles of the Eastern

291381                                     3

District of Missouri. While defendants are spread throughout the country and have no single convenient location, the convenient location for the plaintiffs is evident. While the location of the plaintiffs is not dispositive of their Transfer Motion, coupled with the operative facts in Missouri, transfer is appropriate for these reasons. *See, e.g., contra Nieves v. American Airlines*, 700 F. Supp. 769, 772 (S.D.N.Y. 1988); (location of plaintiff is not dispositive where the only causal link to the forum is the location of the plaintiff, unlike here).

In addition, the fact that plaintiff Friedrich is the only individual party witness, and has substantially less means available than any defendant (let alone the combined wealth of the jointly represented defendants), further militates that his chosen forum be given significant consideration. A plaintiff's choice of forum is entitled to great weight and should rarely be disturbed unless the balance of *several* factors is *strongly* in favor of defendant. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 91 L. Ed. 1055, 67 S. Ct. 839 (1947); *Kolko v. Holiday Inns, Inc.*, 672 F. Supp. 713, 715 (S.D.N.Y. 1987)[1].

Transfer is also appropriate because the wrongful acts at issue caused damage to occur in Missouri, not in this District. As in *Royal & Sunalliance v. British Airways* 167 F. Supp. 2d 573 (S.D.N.Y. 2001), where damages occurred and were felt outside of the District, such a factor militates in favor of transfer. *Id.* at 577. (granting transfer). Here, the damages involved are being felt in Missouri, not in New York.

Each element supporting transfer is established before the Court in this case. Contrary to defendants' unsupported assertions, and as noted in plaintiffs' moving papers, the location of plaintiffs, the location of the witnesses, the sites of damage, and all

---

[1] Although plaintiffs' original forum choice of the Southern District of Illinois was erroneously given no deference by the Illinois District Court (Sep't 29, 2007 Order at 6-7), there is no reason why their choice of the Eastern District of Missouri should not now be given deference.

other facts are supportive of transfer. In fact, defendants' only true attempt to disprove the conclusion that transfer is appropriate requires them to assert a new, "innovative" factor of "airline schedule convenience." This argument (that allegedly more favorable airline schedules into a District is a factor to be considered in a transfer analysis) of course ignores the fact that plaintiffs' and several key witnesses will not require a plane at all if this case is transferred to Missouri. It also ignores the fact that the Eastern District of Missouri is not the fabled island from ABC's LOST, unreachable by plane, boat, or otherwise. St. Louis, the District's home, is served by an international airport. Notably, defendants do not contend that there are no flights coming in and out of St. Louis, and cannot do so. Several flights in and out of St Louis from all locations occur on a daily basis and would allow for easy transportation. Furthermore, if the Court were for any reason inclined to expand the convenience inquiry to include such things as availability of plane travel, then it would also properly consider things such as the costs of a hotel rooms and meals --- things that are drastically cheaper in St. Louis when compared to New York for the parties and witnesses alike. Further, the slippery slope would then have to continue down to consider the ease of travel from hotel to Court, and restaurants to Court, within each District. Based on such conveniences, defendants would have to admit that St. Louis is centrally located between the various witnesses they have listed in California and New York. Given that St. Louis is located halfway between the East Coast and West Coast, it is more convenient for all witnesses.

Finally, while defendants cite the proposition that "[t]he relative economic ability of the parties to proceed with a case has rarely been a dispositive reason to grant or deny a venue change," *Kolko*, 672 F. Supp. at 716, they ignore the fact that the financial ability

of each party to bear the costs of a venue change is a factor for the court to consider, and that in this case, it combines with the other factors to render transfer appropriate. *Id.*; *Goldstein v. Rusco Industries, Inc.*, 351 F. Supp. 1314, 1318 (E.D.N.Y. 1972); *Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 693 (S.D.N.Y. 1994). The weight to be afforded in this instance is significant given that plaintiffs' limited means is added to the fact that the Eastern District of Missouri is plaintiffs' choice of forum, key witnesses are located within the Eastern District of Missouri, and the damages are felt there.

The disparity of financial wherewithal, despite not being dispositive, is also not to be ignored. *Goldstein*, 351 F. Supp. at 1318; *Royal & Sunalliance*, 167 F. Supp. 2d at 577. Where one party, such as the defendants here, has disproportionate resources, transfer is favored to assist the plaintiffs because it favors access to justice for plaintiffs whom have little to no financial means. *See, e.g.*, *Dwyer*, 853 F. Supp. 690, 693-694. Furthermore, if this matter is not transferred, not only will plaintiffs be overly burdened, but the non-New York Defendants (along with all non-party witnesses) will be required to travel further than if it was in Missouri, along with the concern of fees associated with any depositions.[2]

C.  **Familiarity with the State Law Claims Favors Transfer**.

Defendants also argue that the Illinois state law claims militate against transfer to the Eastern District of Missouri (where the Court house is literally less than two miles from the Illinois border), claiming the Southern District of New York applies Illinois law more often than the judges of the Eastern District of Missouri. Statistics do not lie, but statisticians do. This disingenuous claim uses a computer-based search of reported

---

[2]  *See* Local Civil Rule 30.1, which allows payment of fees for Counsel for depositions taken more than 100 miles away from the Courthouse.

opinions to make an unsubstantiated leap. The Eastern District of Missouri considers cases involving Illinois law on a daily basis with respect to matters that do not necessarily engender reported decisions. Further, not all cases that involve Illinois law that lead to reported decisions mention the use of Illinois law in the text of the opinions. Reported decisions are no indicator of the <u>actual</u> number of cases involving Illinois law that are dealt with by a Court on a daily basis.[3]

**D.    If this Court were to Believe that the Illinois Court's Transfer to the S.D.N.Y. Somehow Triggers Some Type Of "Law of the Case" Analysis, the Result Would Not Change**

As noted above, the alternative "law of the case" analysis, dealing with the respect to be given to coordinate or sister Courts, does not preclude a court from revisiting a prior ruling on an issue, but rather merely gives the Court the discretion to avoid doing so if circumstances so dictate. *Alfadda v. Fenn*, 966 F. Supp. 1317, 1333 (S.D.N.Y. 1997). Although the instant motion does not seek to revisit the transfer ruling of the prior Illinois Court (since that ruling was comparing Illinois to New York, not New York to Missouri), even if the Court were to believe that issues addressed by the Illinois Court impact the current analysis, there would be no proper grounds for this Court to forego its own analysis of any such issues. Under the circumstances here presented, the prudent exercise of discretion would merit the Court addressing those issues itself, rather than merely applying prior rulings of the Illinois court.

Plaintiff Friedrich created the characters and story line here in issue outside of New York, and only later pitched his proposal to a now-defunct entity, Magazine Management, and entered into an agreement for them to publish a comic book

---

[3]   Of note, the Southern District of Illinois denied Defendants' Motions to Dismiss, and as such, the state law claims involving Illinois law still remain and will need to be applied pursuant to Illinois law. (9/26/07 Order, Lesser 5/2/08 Aff. Ex. D at pg. 10).

291381                                                      7

incarnation he would create. That pitch, however, occurred over thirty years ago, and none of the witnesses to that pitch or to Friedrich's creation of the characters and story reside in New York today. Further, the infringement of Friedrich's copyrights and state law rights do not involve the publication of that original comic book years ago, but rather focus on the production and sale of a film, video games, toys and other materials across the nation and the world thirty years later. Yet the Illinois Court somehow concluded, and defendants now urge this Court to accept without thought or analysis, that "the conduct giving rise to plaintiffs' injury occurred in New York." (9/26/07 Order, Lesser 5/2/08 Aff. Ex. D at pg. 6, fn. 4). It simply did not. The Illinois Court conclusion is unsupported and unsupportable by the facts since the conduct occurred outside New York and was only felt by the plaintiffs in Missouri (and Illinois).

Similarly, in the original requested transfer by defendants to this District, no supporting Affidavits or Witness Lists were provided by defendants, which pursuant to Illinois (*Midwest Precision Services, Inc. v. PTM Industries Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983)) or even New York ((*Pall Corp. v. PTI Techs.*, 992 F. Supp. 196, 198 (E.D.N.Y. 1998)) law should have doomed their motion from the outset. The Order of the Illinois Court also failed to recognize the complete lack of connections between this case and New York, and gave no deference to plaintiffs' original choice of forum. The Illinois Court also did not recognize the undisputed facts that the infringement by defendants of plaintiffs' copyright and the resulting state and federal law claims arose predominantly outside of New York, and all of the damages were felt in Missouri and Illinois. Finally, the Illinois Court also did not consider, address or discuss, the impact of the enormous conglomerate defendants committing acts of infringement against the

desolate plaintiffs in terms of the interest of justice. The Illinois District Court essentially concluded on its own without a factual basis or legal argument that the infringement occurred in New York, despite no witnesses being identified by defendants to testify to such infringement. (1/30/08 Order, Lesser 5/2/08 Aff. Ex. E at pg. 2). This finding further illustrates the error in the Illinois Court's transfer decision.

Thus, defendants' law of the case arguments are inapplicable because there was no prior ruling on the convenience of a Missouri forum, the plaintiffs do not seek retransfer to Illinois, and there is no effort to ask this Court to sit as an appeals court over its sister District court. In any event, plaintiffs maintain that the Illinois court ruling transferring this case to this District was replete with manifest error in the first place -- a ground that defendants themselves acknowledge can destroy any law of the case argument. *See* Defendants' Brief at 5-6; *see also*, *Arizona v. California*, 460 U.S. at 619 (citing *White v. Murtha*, 377 F.2d 428, 431-432 (5th Cir. 1967); *DiLaura v. Power Auth.*, 982 F.2d 73, 76 (2d Cir. 1992); *Christianson v. Colt Industries Operating Corp.* 486 U.S. 800, 817 (1988) (court has the power to revisit prior decisions of its own or of a coordinate court and if a prior decision is clearly wrong, is obliged to reverse it).

It is respectfully submitted that while plaintiffs' maintain that this case should not have been transferred out of Illinois, defendants' arguments that this Court can and should disregard plaintiffs instant Motion to Transfer the case to the Eastern District of Missouri under some misguided application of the "law of the case doctrine," is an attempt to benefit twice from a prior incorrect ruling.

E.  **The Facts Do Not Support a Transfer to the Central District of California**

Finally, recognizing that a comparison of the convenience of this District to that of the Eastern District of Missouri results in a decision to transfer, defendants attempt to interject another option – to have this Court transfer this case to California. Neither party has filed a motion seeking transfer to California, however, and thus such a request is not properly before this Court. Defendants even acknowledge the propriety and appropriateness of Missouri as a potential forum in their own response. *See* Defendants' Brief at 22. In so arguing, defendants implicitly recognize that (i) plaintiff's Motion to Transfer to a new jurisdiction is proper for consideration; and (ii) by alternating between California and New York, neither of which is the most proper forum, it is an indication of how appropriate Missouri would be for the litigation of this matter given its central location between both sets of defendants.

## CONCLUSION

Wherefore, plaintiffs Gary Friedrich and Gary Friedrich Enterprises respectfully submit that their Motion be granted at this case transferred to the Eastern District of Missouri for adjudication on the merits, in addition to such other and further relief this Court deems just and proper.

Dated: New York, New York
       June 19, 2008

SIMON·LESSER PC

By: _____
    Leonard F. Lesser, Esq.
    420 Lexington Avenue
    New York, New York 10170
    T: 212.599.5455
    F: 212.599-5459

291381                                  10

ROTH EVANS, P.C.
Thomas Long, Esq.
Eric Evans, Esq.
Dawn O'Leary, Esq.
2421 Corporate Centre Drive
Suite 200
Granite City, IL  62040
T: 618.931.5000
F: 618.931.6474

RIEZMAN BERGER, P.C.
Charles S. Kramer, Esq.
Joseph D. Schneider, Esq.
7700 Bonhomme, 7th Floor
St. Louis, Missouri  63105
T: 314.727.0101
F: 314.727.6458

Attorneys for plaintiffs Gary Friedrich
Enterprises, LLC and Gary Friedrich