UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY FRIEDRICH ENTERPRISES, LLC, *et al.*

Plaintiffs,

- against -

MARVEL ENTERPRISES, INC., *et al.,*

Defendants.

Case No. 08 Civ. 01533 (BSJ) (JCF)

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO
MAGISTRATE JUDGE FRANCIS'S REPORT AND RECOMMENDATION
RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED**

PAUL, HASTINGS, JANOFSKY &
WALKER LLP
75 East 55th Street
New York, NY 10022
Telephone: 212-318-6000
*Attorneys for Defendants*

Defendants Marvel Entertainment, Inc. (formerly known and also sued herein as Marvel

Enterprises, Inc.), Marvel Studios, Inc., Marvel Characters, Inc. (collectively, "Marvel"), Hasbro,

Inc. ("Hasbro"), Take-Two Interactive Software, Inc. ("Take-Two"), Columbia Pictures

Industries, Inc. (also incorrectly sued herein as Columbia Tri-Star Motion Picture Group)

("Columbia"), Crystal Sky LLC ("Crystal"), Relativity Media, LLC ("Relativity"), Michael De

Luca Productions, Inc. ("De Luca"), and Sony Pictures Entertainment Inc. ("SPE") submit this

memorandum of law, pursuant to FED. R. CIV. P. 72(b)(2), in response to plaintiffs' objections

(the "Objections") to the Report and Recommendation of Magistrate Judge Francis dated July

10, 2009 (the "Report").  In the Report, Magistrate Judge Francis recommended that defendants'

motion to dismiss dated June 8, 2007 (the "Motion"), which sought dismissal of 17 of the 21

claims asserted in plaintiffs' complaint dated April 4, 2007, be granted in its entirety.  For the

reasons below, defendants respectfully submit that the Report should be adopted and that their

Motion be granted.

**PRELIMINARY STATEMENT**

Defendants moved to dismiss 17 of the 21 "counts" asserted in plaintiffs' 61- page

complaint on the basis that these claims were preempted by the Copyright Act and/or failed to

state any viable claim.[1]  In the 32-page Report, Magistrate Judge Francis carefully considered the

---

[1] Defendants moved to dismiss the following claims:  negligence (Count II- Marvel; Count IX-
All Defendants); accounting (Counts III- Marvel and XXI- All Defendants); tortious interference
with prospective business expectancy (Count V- Marvel); misappropriation (Count VII- Hasbro
and Take-Two; Count X- All Defendants); civil conspiracy (Count XVII- Hasbro, Sony, Marvel,
Crystal Sky, Deluca and Relativity); unjust enrichment (Count XIX- Marvel); unauthorized use
of public recognition and publicity of the characters/tortious interference with Gary Friedrich's
right of publicity (Counts XI and XX- All Defendants); conversion and trespass to chattels
(Counts XII and XIII- All Defendants);  violation of Illinois Deceptive Trade Practices Act and
unfair competition under Illinois common law (Count XIV- All Defendants); unfair competition
under the Illinois Consumer Fraud and Deceptive Businesses Act ( Count XV- Hasbro, Sony,

parties' arguments and recommended that the Motion be granted in its entirety, dismissing

plaintiffs' claims under the Lanham Act and all of the state law claims that were the subject of

the motion (the "state law claims").  In their Objections, plaintiffs simply ignore one or more of

the bases upon which Judge Francis concluded that these claims must be dismissed.  They argue

only that certain claims are not preempted, relying on cases which defendants previously argued

and Judge Francis concluded did not support their claims, and in certain instances try to avoid

dismissal by misrepresenting Judge Francis' findings and manufacturing allegations that were

never included in the complaint.  Judge Francis correctly determined that all of the claims that

are the subject of defendants' Motion must be dismissed for one or more reasons.  Accordingly,

the Report should be adopted and the Motion granted in its entirety.


## ARGUMENT

**I.      Judge Francis correctly concluded that plaintiffs' claims under the Illinois Uniform Deceptive Trade Practices Act, under the Illinois Consumer Fraud and Deceptive Business Practices Act and Under Illinois common law for unfair <u>competition should be dismissed.</u>**

In Counts XIV and XV, plaintiffs purported to assert claims of unfair competition under

Illinois common law, the Illinois Uniform Deceptive Trade Practices Consumer Fraud Act, 815

ILCS 510, et seq. ("UDTPA") and the Illinois Consumer Fraud and Deceptive Business Practices

Act, 815 ILCS 505, et seq. ("CFDBPA"), alleging that defendants have caused "confusion and

misunderstanding" and engaged in "deception" regarding the ownership of the Characters and

---

Marvel, the "Movie Defendants" and Take-Two); waste (Count IV- Marvel); and violation of the Lanham Act/unfair competition (Count XVI- Sony, Hasbro, Take-Two and Marvel).  After the Motion was fully submitted, on or about September 7, 2008, plaintiffs voluntarily dismissed two of these claims – conversion and trespass to chattels (Counts XII and XIII).  IL ECF Docket No. 74.  As a result, 16 of 19 causes of action remained the subject of the Motion.  Judge Francis nevertheless concluded in the Report that plaintiffs' conversion and trespass to chattels claims were not viable in any event.  Report at 20-23.

the Origin Story in trade, commerce and the consumer public by "portraying, promoting or

otherwise disseminating products and goods based on the Spotlight Work."  Compl. ¶¶ 202-214.

As the cases cited by defendants in their briefs in support of the Motion make clear, such

claims are commonly termed a "reverse-passing off" claim, whereby a plaintiff alleges that

defendant passes off a plaintiff's work as his own.  Reverse- passing off claims are clearly

preempted by the Copyright Act where, as here, they ultimately rest on the mere act of

unauthorized copying.  The failure to credit someone as the author or creator of the work at issue

represents nothing more than the inherent misrepresentation that accompanies the alleged

unauthorized copying and reproduction of another's work.  These claims, regardless of whether

styled as claims under the common law, UDTPA or CFDBPA are therefore preempted.  *See*

Defendants' Moving Brief at 19-21; Defendants' Reply Brief at 18-19.  Moreover, the case law

cited by defendants in the Motion makes clear that plaintiffs have no standing to assert a claim

under CFDBPA, because plaintiffs did not – and cannot—allege that Plaintiff Gary Friedrich

("Friedrich") is so associated with the Ghost Rider character in the public's mind that the mere

use of the character implies that Friedrich has endorsed the movie or the merchandising.

Defendants' Moving Brief at 21-22;  Defendants' Reply Brief at 20-21.

In the Report, Judge Francis concluded that plaintiffs' claims for common law unfair

competition, under UDTPA, and under CFDBPA failed for several reasons.  Judge Francis

agreed that the "crux" of all these claims "is the allegation of 'reverse passing off,' the notion

that defendants have 'passed off' the Ghost Rider ideas as their own."  Report at 23.  With

respect to plaintiffs' unfair competition claim, Judge Francis concluded that the analysis of that

claim mirrored the analysis required under the Lanham Act, and that plaintiffs failed to state any

viable claim because the use of the Ghost Rider ideas do not qualify as protectable marks under

that analysis. Report at 23-24. Judge Francis further found that it is well-established under

applicable case law that reverse-passing off claims are clearly preempted under the Copyright

Act, despite the plaintiffs' attempt to focus on the Ghost Rider "ideas" as opposed to their

tangible expression. Report at 24-25, 26. Finally, Judge Francis agreed that plaintiffs' CFDBPA

claim failed because Friedrich has no public "prominence" and therefore lacks standing to assert

that claim. Report at 25-26.

In the Objections, plaintiffs do not even address Judge Francis' conclusions that their

unfair competition claim is preempted, or that plaintiffs lack standing to assert a viable claim

under CFDBPA. These two claims fail – and the Report should be adopted with respect to these

claims – for those reasons alone.[2]

Plaintiffs only argue that their UDTPA and CFDBPA claims are not preempted because

they supposedly contain an "extra element" of deception.[3] However, plaintiffs ignore

defendants' arguments and Judge Francis' conclusions that these claims merely constitute

reverse-passing off claims, which the courts have uniformly concluded are preempted where the

supposed "deception" is merely the misrepresentation of the ownership or origin of an idea.

Plaintiffs instead continue to rely on cases that have been rejected by more recent decisions in

---

[2] *Stereo Optical Co. v. Judy*, No. 08 C 2512, 2008 WL 4185689 (N.D. Ill. Sept. 8, 2008), a case
cited by plaintiffs in the Objections for a different proposition (*see* Objections at 7-8), provides
yet another basis upon which plaintiffs' CFDBPA claim could have been dismissed. That court
held that the CFDBPA is a "consumer protection law designed to outlaw practices that affect
consumers" and cannot be used to address a wrong allegedly suffered by a private party. *Id.*, at
*5. The complaint is devoid of any allegations that the public at large was affected in any way
by defendants' alleged conduct. While defendants did not argue this point in the Motion, the
CFDBPA claim is not viable for this reason as well.

[3] As a preliminary matter, plaintiffs complain that Judge Francis supposedly concluded that their
claims under these two counts are "solely grounded on unauthorized copying of copyrighted
material." Objections at 2 (quoting Report at 16). That is simply wrong. That quotation is from
a different section of the Report and was used by Judge Francis to describe a different claim—
tortious interference with business expectancy.

the Seventh Circuit, or rely on those rejected decisions, *see* Defendants' Reply Brief at 19-20 n.

22, and attempt a strict comparison of elements to avoid preemption.  Plaintiffs cannot avoid the

fact that their statutory claims are premised entirely on "misrepresentations of the ownership or

origin of an idea" and therefore fail the "extra element" test, as Judge Francis correctly

determined.   Report at 26; *see also* Defendants' Moving Brief at 19-22; Defendants' Reply Brief

at 18-19; Compl. at ¶¶ 203-07, 209-14.[4]  Accordingly, the recommendation that these two claims

be dismissed should be adopted for this reason as well.

**II.     Judge Francis correctly concluded that plaintiffs' claim for tortious interference
with business expectancy should be dismissed.**

In Count V, plaintiffs purport to assert a claim that Marvel tortiously interfered with

prospective business expectancy because Friedrich supposedly had a reasonable expectation of

entering into future business relationships with unnamed, unidentified and theoretical third

parties to create derivative works and other projects based on the Characters and Origin Story,

and Marvel took "the wrongful actions and inactions set forth above."  Compl. ¶¶ 112-17.   As

the case law cited by defendants in the Motion makes clear, claims of tortious interference with

prospective business expectancy are preempted where, as here, they are premised on the same

conduct as that underlying the copyright counts (i.e., where they are predicated on the act of

unauthorized publication which causes the violation).  Defendants' Moving Brief at 10-11;

---

[4] The only new case cited by Plaintiffs in support of their argument is *Weidner v. Carroll*, 06-CV-782, 2007 WL 2893637 (S.D. Ill. Sept. 28, 2007), and their reliance on *Weidner* is misplaced because it was not merely a reverse-passing off claim.  The Court, without any discussion of the facts, found that the nature of the claim focused on the confusion created regarding the "relationship between the plaintiffs and defendants" even though the element of likelihood of confusion "alone would not bar preemption." *Id.,* at *5.  The Court found the facts in the case more similar to *Stephen & Hayes Constr. Inc. v. Meadowbrook Homes, Inc.*, 988 F. Supp. 1194 (N.D. Ill. 1998), wherein one home builder sent clients to look at a competitor home builder's homes to see what defendant's homes looked like.  Unlike in the present case, these relationships and the alleged confusion were separate from the rights protected under the Copyright Act.

Defendants' Reply Brief at 13-14.  In the Report, Judge Francis correctly determined that "the essence of the claim here is interference by unauthorized copying" and that, because the claim was "solely grounded" on unauthorized copying, it did not offer an "extra element" apart from the rights protected under the Copyright Act and was therefore preempted.  Report at 15-16.

Plaintiffs concede that claims of tortious interference with prospective business expectancy are preempted where they are predicated on the same conduct as that underlying the copyright counts.  Objections at 6-7.  In an effort to escape the conclusion warranted by this case law, plaintiffs point to various cases in which courts have concluded that the tortious interference claims at issue before them were not preempted because those cases involved tortious conduct separate from and in addition to the unauthorized copying.  Plaintiffs then argue that they too supposedly alleged in the complaint a tortious interference claim that involves such additional tortious conduct.  Specifically, without citing to any paragraph of the complaint, plaintiffs claim that they alleged:

> "that in addition to the unauthorized copying…, Defendants have committed fraud in order to intentionally interfere with Plaintiffs' business expectancy . . . [and] have defamed and slighted Plaintiffs by stating that Gary Friedrich did not create or design the character of Ghost Rider…"

Objection at 8.  Contrary to plaintiffs' unsupported argument, the complaint is utterly devoid of any such allegations.  *See* Compl. ¶¶113-117.

Although plaintiffs mention the word "fraud" in a passing reference in the complaint,[5] they make no allegations whatsoever to support a claim of fraud, let alone allegations pleaded with the particularity required under FED. R. CIV. P. 9(b), requiring that "[i]n all averments of

---

[5] In paragraph 117 of the complaint, plaintiffs baldly allege that "The Marvel Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, *fraud*, actual malice and with such gross negligence as to indicate a wanton and conscious disregard of the rights of the Plaintiffs."  (emphasis added).

fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) (finding that the heightened pleading standard of Rule 9(b) applies to claims when "the claims are premised on allegations of fraud" since the wording of Rule 9(b) "is cast in terms of the conduct alleged"); *Impact Shipping, Inc. v. City of New York*, No. 95 Civ. 2428, 1997 WL 297039, at \*10 (S.D.N.Y. June 3, 1997) (applying Rule 9(b) pleading standard to tortious interference with economic relations claim based on fraud).  Nor, as plaintiffs now contend, is there any mention whatsoever in the complaint that any defendant stated that Friedrich did not create or design the character of Ghost Rider, or that any defendant engaged in any other conduct that could potentially constitute defamation.  Plaintiffs' argument that the complaint alleges "additional tortious conduct" is pure fabrication.

Nor can plaintiffs avoid dismissal of their "tortious interference" claim by purporting to amend the complaint via a memorandum of law in support of their objections to the Report.  *See, e.g., Fezzani v. Bear, Stearns & Co.*, 384 F. Supp. 2d 618, 647 (S.D.N.Y. 2004) (rejecting plaintiffs' addition of a civil conspiracy element to a common-law fraud claim because "[c]onsidering a separate cause of action now would effectively allow Plaintiffs to amend their complaint through a memorandum of law on motion to dismiss. This the Court cannot permit."); *Goel v. U.S. Dep't of Justice*, No. 03 CIV 0579 (HB), 2003 U.S. Dist. LEXIS 15066, at \*4 n.4 (S.D.N.Y. Aug. 29, 2003) (refusing to review additional allegations because "[a]llegations in a memorandum of law, however, cannot serve as a means to amend [plaintiff's] complaint and therefore this additional allegation will not be treated as part of the complaint.").[6]

---

[6] Although not argued in defendants' Motion, plaintiffs' "tortious interference with prospective business expectancy" claim also fails to state a claim under Rule 12(b)(6).  As Judge Francis correctly noted in the Report, under either Illinois or New York law such a claim requires that a

Indeed, even if plaintiffs had alleged in the complaint that defendants "misrepresented" that Friedrich was not the author or creator of the Ghost Rider character in entering into arrangements with third parties, their tortious interference claim would still be preempted because it would still be premised entirely on Marvel's assertion that it – and not Friedrich – was the author of the works for copyright purposes and on Defendants' use of the copyrighted work. *See* 17 U.S.C. § 106; *FASA Corp. v. Playmates Toys, Inc.*, 869 F. Supp. 1334, 1361 (N.D. Ill. 1994); *see also Balsamo/Olson Group, Inc. v. Bradley Place Ltd. P'ship*, 950 F. Supp. 896, 899 (C.D. Ill. 1997) ("With respect to both the state law tortious interference claim and the copyright infringement claim it is the act of unauthorized publication which causes the violation.").[7]

---

plaintiff establish, *inter alia*, that it had a reasonable expectancy of entering into a legitimate business relationship with a particular party and that the defendant, aware of this relationship, engaged in conduct intended without justification to interfere with that relationship.  Report at 15-16.  Plaintiffs fail to even identify any person or entity with which they reasonably expected to enter into a business relationship, let alone that any defendant was aware of any such relationship and then interfered with it, causing the supposed lost business opportunity. Defendants could have sought dismissal of the claim on that basis as well.  *See G.K.A. Beverage Corp. v. Honickman*, 55 F.3d 762, 768 (2d Cir. 1995) (affirming dismissal of claim because "[i]t is axiomatic that, in order to prevail on this claim, the distributors would have to show that the appellees intentionally caused the retailers not to enter into a contractual relation with them."); *RSM Prod. Corp. v. Fridman*, No. 06-cv-11512, 2009 WL 424540, at *17-19 (S.D.N.Y. Feb. 19, 2009) (dismissing claim where plaintiffs failed to allege the existence of a business relationship or that defendants acted out of malice or otherwise used improper means).

[7] The cases relied on by plaintiffs in support of their assertion that they have alleged an additional element are all distinguishable.  Unlike here, those claims are premised on additional and different tortious conduct than the underlying copyright infringement claim.  *See Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1305 (D.C. Cir. 2002) (defendant's contract caused co-defendant's breach of contract with plaintiff); *Stereo Optical Co.,* 2008 WL 4185689, at *4 (claim by plaintiff former employer against defendant former employees based on defamatory phone calls to plaintiffs' customers to ensure that these customers ceased doing business with plaintiff not preempted); *220 Laboratories, Inc. v. Babaii*, No. CV 08-6125PSGSSX, 2008 WL 5158863 (C.D. Cal. Dec. 8, 2008) (claim based on allegations that defendant wrongfully deprived plaintiff of physical possession of various photos and video footage, thereby interfering with plaintiff's expected business relations, not preempted); *Silicon Image, Inc. v. Analogix Semiconductor, Inc.*, No. C-07-0635 JCS, 2007 WL 1455903, at *9 (N.D. Cal. May 16, 2007) (claim that use of plaintiff's software violated Software License Agreement is not preempted); *Cassway v. Chelsea Historic Props. I*, No. Civ. A. 08-435, 1993 WL 64633 (E.D. Pa. Mar. 4,

Indeed, this is the essential equivalent of a reverse-passing off claim.  Accordingly, Judge

Francis' recommendation that this claim be dismissed should be adopted.

**III.    Judge Francis correctly concluded that plaintiffs' claim for tortious interference with Friedrich's right of publicity should be dismissed.**

In the complaint, plaintiffs purported to assert two claims with regard to Friedrich's right

to publicity as the alleged creator of the Ghost Rider character and the author of the Origin Story.

In Count XI, plaintiffs allege that defendants made unauthorized use of the Characters in a way

that prevented the creation of a publicly recognizable Friedrich persona.  Compl. ¶¶ 186-91.  In

complete contradiction of the allegations in Count XI that defendants prevented Friedrich from

creating a persona, plaintiffs allege in Count XX that Friedrich had an "established identity and

persona" as the creator of the Ghost Rider Characters, Origin Story and Spotlight Work and that

defendants tortiously interfered with Friedrich's right to publicity with respect to that persona by

producing products without "crediting or acknowledging Friedrich's association" and "without

Plaintiff's participation or approval."  Compl. ¶¶ 237-43.

In the Motion, defendants argued that both these claims should be dismissed because they

both fail to state any viable claim and because they both are preempted.  As the cases cited by

defendants in the Motion make clear, Friedrich has no right to publicity in the Ghost Rider

Character, Origin Story or the Spotlight Work.  The right to publicity only protects an

individual's identity (i.e., his or her name, persona and likeness) against use without

---

1993) (claim that defendant negotiated with plaintiff's consultants in an attempt to hire
consultants without paying plaintiff its fees due under the contract not preempted); *General
Mills, Inc. v. Filmtel Int'l Corp.*, 178 A.D.2d 296, 297, 577 N.Y.S.2d 384, 386 (1st Dep't 1991)
(affirming denial of motion to dismiss for reasons stated by the lower court, without discussion,
where defendant had threatened legal action against plaintiff during its negotiations with another
party).  In *Xpel Techs. Corp. v. American Filter Film Distrib.,* NO. CIVA SA-08-CA175-XR,
2008 WL 3540345, at *8 (W.D. Tex. Aug. 11, 2008), the court never analyzed nor determined
the preemption issue.

authorization, and the complaint is utterly devoid of any allegation that the defendants ever used

Friedrich's identity in any way. Defendants' Moving Brief at 13-16; Defendants' Reply Brief at

16-18. Nor can Friedrich prevail based on an argument that defendants' use of the Ghost Rider

character violated his right of publicity because Friedrich and this fictional character are not

"inseparable in the public's mind." Absent any use of Friedrich's identity, defendants could not

have violated or have tortiously interfered with Friedrich's supposed right of publicity. As the

cases cited by defendants in the Motion also make clear, both these claims are preempted

because they are based solely on the appropriation of what is allegedly Friedrich's work, and

therefore are nothing more then disguised copyright infringement claims. *Id.*

In the Report, Judge Francis agreed that the right to publicity under either Illinois or

Missouri law only protects an individual's identity, and found that plaintiffs do not – and cannot-

"allege that Defendants used Friedrich's name without his consent. Nor does [the Complaint]

assert a merger between Ghost Rider characters and the persona of Mr. Friedrich." Report at 19-

20. Accordingly, Judge Francis properly determined that Plaintiffs "have not stated a cause of

action for right to publicity" and recommended that both these claims be dismissed. Report at 20,

1, 31. Judge Francis did not analyze or reach any determination with respect to defendants'

arguments that both these claims were also preempted and should be dismissed for that reason as

well.

In the Objections, plaintiffs do not challenge Judge Francis' determination that

Friedrich's claim for violation of his right to publicity in Count XI fails to state a viable cause of

action. Objections at 9-11; *see* fn. 8, *infra*. Plaintiffs merely complain that the Report did not

separately address the claim for "tortious interference with right of publicity" in Count XX.

Objections at 9. However, Friedrich's claim for tortious interference with his right of publicity

rests on the premise that Friedrich has a viable right of publicity that somehow protected him

against defendants' use of the Ghost Rider character.  Once Judge Francis determined that the

right to privacy would only protect Friedrich against the use by defendants of Friedrich's own

identity and that defendants did not make any such use—requiring dismissal of Count XI—the

claim for tortious interference with that non-existent right to publicity in Count XX necessarily

fails as well.  This aspect of the Report should therefore be adopted on that basis alone.[8]

In the Objections plaintiffs also argue that Friedrich's claim for tortious interference with

the right of publicity is not preempted because the claim supposedly is not premised on

defendants' use of the Ghost Rider works at issue but rather on defendants' supposed failure to

"credit" or "acknowledge" Friedrich in the marketing of the Ghost Rider Movie and related

merchandising.  Objections at 10; Compl. ¶ 240.  Despite plaintiffs' apparent attempts to torture

this conduct (which is akin to reverse-passing off) into a "right to publicity" claim, the claim is

clearly predicated on the acts of reproduction, performance or display of allegedly copyrighted

work—conduct that would constitute copyright infringement – and is therefore preempted.  *See*

Compl. ¶ 239 (alleging violation through the "promotion and advertisement of … Ghost Rider in

---

[8] In their Objections, like in their Opposition, plaintiffs simply ignore all of the cases cited by
defendants (which dismiss right of publicity claims just like the ones Friedrich is asserting here)
and concede that no state has ever recognized claims like the ones Friedrich is attempting to
assert.  *See* Defendants' Reply Brief at 16-17; Plaintiffs' Opposition Brief at 17 ("Although a
claim for damages to [publicity] interest caused by something other than the direct improper use
of a Plaintiffs' persona, name or identity by a third party may not be the subject of a reported
case…"); Objections at 10 ("Although this count is NOT a claim for a traditional violation of
that right of publicity…").  As defendants argued in the Motion, plaintiffs did not offer any
justification whatsoever for requesting that this Court essentially create a new tort and ignore
established precedent.  Plaintiffs now assert that they interpret the Report as Judge Francis'
recommendation that this Court not extend the Illinois right of publicity protection to protect
against defendants' use of the fictional characters, and state that they "will not press their
argument for such application in this case."  Objections at 1.  Absent such an extension of the
protection, though, plaintiffs' tortious interference with right of publicity claim necessarily fails,
as Judge Francis correctly concluded.

conjunction with the products, film, and other ventures of Defendants"); *Baltimore Orioles v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986); *see also Ahn v. Midway*, 965 F. Supp. 1134, 1138 (N.D. Ill. 1997) (right to publicity is equivalent to one of the rights in section 106 of the Copyright Act because it is infringed by the act of distributing, performing or preparing derivative works). Moreover, the cases cited by defendants in the Motion also establish that the Ghost Rider Movie and any other artistic or creative endeavors undertaken by defendants which Friedrich complains somehow violated his right of publicity are expressly exempted from the Illinois Right of Publicity Act. *Collier v. Murphy*, No. 02-2121, 2003 WL 1606637, at *4 (N.D. Ill. Mar. 26, 2003); Defendant's Moving Brief at 15-16. Plaintiffs failed to address that argument in their Opposition to the Motion, and studiously ignore it again in their Objections. Accordingly, although Judge Francis did not reach these arguments, Plaintiffs' tortious interference with right to publicity claim should also be dismissed on either of these alternative bases.

**IV. Judge Francis correctly determined that plaintiffs' Lanham Act/Unfair Competition claim (Count XVI) should be dismissed and that the remaining state law claims that were the subject of defendants' Motion fail to state a viable claim and/or are <u>preempted.</u>**

In the Motion defendants moved to dismiss plaintiffs' Lanham Act/Unfair Competition claim (Count XVI) on the basis that it failed to state any viable claim and that it was preempted. In the Report, Judge Francis determined that the claim failed to state any viable claim, but did not address defendants' arguments that the claim was also preempted. Report at 29-31. In their Objections, plaintiffs do not even mention their Lanham Act/Unfair Competition claim, let alone attempt to challenge Judge Francis' determination that the claim failed to state any viable claim. This aspect of the Report should therefore be adopted on that basis alone. In addition, the Court

could dismiss this claim based on preemption.  *See* Defendants' Moving Brief at 23-24;

Defendants' Reply Brief at 21-25.

In addition to the state law claims discussed in detail above, Judge Francis carefully

evaluated defendants' arguments that plaintiffs' claims for conversion and trespass to chattels

(Counts XII and XIII), unfair competition (Count XIV), waste (Count IV) and an accounting

(Count III) failed to state any viable claim.  *See* Report at 20-29; Defendants' Moving Brief at 8-

10, 16-22; Defendants' Reply Brief at 12-13, 18-21.  Although plaintiffs already voluntarily

dismissed two of these claims (s*ee* fn. 1), plaintiffs object to Judge Francis' findings that all these

claims fail to state any viable claim, baldly asserting that "[e]ach Count is plead with adequate

notice to the Defendants and seeks relief that has long been recognized as proper under

applicable law, with the sole exception of the right of publicity for the fictional characters

themselves [Count XI]…"  Objections at 11-12.  Plaintiffs' conclusory objection to the well-

reasoned determinations by Judge Francis and the clear case law cited by defendants regarding

the validity of these claims must simply be rejected.  *See* FED. R. CIV. P. 72(b)(2)(3) ("The

district judge must determine de novo any part of the magistrate judge's disposition that has been

*properly objected to*.") (emphasis added).

Finally, plaintiffs argue that Judge Francis incorrectly determined that their remaining

state law claims were preempted.  Plaintiffs concede—as they must— that Judge Francis

correctly concluded that the determination of whether a claim is preempted depends on a two-

prong test, which includes both a "subject matter requirement" and a "general scope

requirement."  Objections at 13; Report at 10-11.  Plaintiffs argue, though, that Judge Francis

incorrectly concluded that their remaining state law claims (which plaintiffs fail to identify by

Count or name) fall outside the "subject matter of copyright" because some aspects of these

claims are based on noncopyrightable material.  Plaintiffs made this same argument in their

papers in opposition to the Motion, and Judge Francis correctly rejected it in the Report.  Report

at 11-12.  As Judge Francis noted, courts in this Circuit have uniformly drawn a distinction

between the scope of copyright protection and the scope of preemption, and have consistently

held that the preemptive reach of Section 301 of the Copyright Act bars state law claims with

respect to non-copyrightable as well as copyrightable elements.  Report at 11-12;  s*ee also*

Defendants' Moving Brief at 6-7;  Defendants' Reply Brief at 8-10.[9]

Plaintiffs also make a bald assertion in a one-sentence footnote that, although they "will

not review each state law claim in detail," the various "state law claims asserted" fall outside the

general scope requirement because each seeks remedies separate and apart from the copyright

claims.  Objections at 14, n.3.  Plaintiffs simply miss the point.  As Judge Francis properly

determined, the state law claims that were the subject of defendants' Motion, as pleaded, were

premised entirely on the same conduct as alleged to support their copyright infringement claim

and therefore do not contain any "extra element" that renders the right being asserted under state

law qualitatively different from that protected under the Copyright Act.  Thus, these claims are

preempted.  Plaintiffs' conclusory objection to the well-reasoned determinations by Judge

Francis and the clear case law cited by defendants regarding the viability of these claims must

simply be rejected.

---

[9] Plaintiffs' reliance on *U.S. Trotting Ass'n v. Chicago Downs Ass'n, Inc.*, 665 F.2d 781, 786 (7th Cir. 1981) is misplaced.  There, the plaintiff brought an action for misappropriation—not copyright infringement—based on defendants' misuse of documents and forms for horse racing. No use of copyright was even at issue in the case and the court accordingly rejected defendant's assertion that preemption somehow precluded plaintiff's unrelated claim to recover damages for misappropriation.  *Id.* at 786, n.6.

## CONCLUSION

For the reasons set forth in the Motion, in the Report and in this Response, defendants

respectfully request that the Report be adopted and that the Motion be granted in its entirety,

together with such other and further relief that the Court deems just and proper.

Dated:  July 24, 2009                              Respectfully Submitted,

                                                   MARVEL ENTERTAINMENT, INC., MARVEL
                                                   STUDIOS, INC., MARVEL CHARACTERS, INC.,
                                                   HASBRO, INC., TAKE-TWO INTERACTIVE
                                                   SOFTWARE, INC., COLUMBIA PICTURES
                                                   INDUSTRIES, INC., CRYSTAL SKY LLC,
                                                   RELATIVITY MEDIA, LLC, MICHAEL DE LUCA
                                                   PRODUCTIONS, INC., SONY PICTURES
                                                   ENTERTAINMENT INC.


                                                   By:       /s/ Jodi Kleinick
                                                           Jodi A. Kleinick
                                                           David Fleischer
                                                           PAUL, HASTINGS, JANOFSKY &
                                                           WALKER LLP
                                                           75 East 55th Street
                                                           New York, NY 10022
                                                           Telephone: 212-318-6000
                                                           E-mail:  jodikleinick@paulhastings.com
                                                                    davidfleischer@paulhastings.com
                                                           *Attorneys  for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2009, I electronically filed the foregoing Response to

Plaintiffs' Objections with the Clerk of Court using the CM/ECF system which will send

notification of such filing to counsel for Plaintiffs as follows:

Notice has been electronically mailed to:

Leonard Frederick Lesser  llesser@simonlesser.com

The following non-CM/ECF participants will be served via U.S. Postal Service, First Class

Mail, postage prepaid as follows:


Charles S. Kramer, Esq.
 Joseph D. Schneider, Esq.
REIZMAN BERGER, P.C.
7700 Bonhomme Ave., 7th Fl.
St. Louis,  Missouri 63105

J. Thomas Long, Esq.
Eric W. Evans, Esq.
Dawn K. O'Leary, Esq.
ROTH EVANS P.C.
2421 Corporate Centre Dr., Ste. 101
Granite City,  IL 62040


/s/ Jodi Kleinick
Jodi Kleinick