UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
                                          :
GARY FRIEDRICH ENTERPRISES, LLC and       :
GARY FRIEDRICH,                           :
                                          :
                    Plaintiff,            :
                                          : 08 Civ. 1533(BSJ)(JCF)
          v.                              :     **Order**
                                          :
MARVEL ENTERPRISES, INC., MARVEL          :
ENTERTAINMENT, INC., MARVEL STUDIOS,      :
INC.,                                     :
                                          :
                    Defendant.            :
------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/3/10
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On April 4, 2007, Plaintiffs Gary Friedrich Enterprises,

LLC and Gary Friedrich ("Friedrich") (together, "Plaintiffs")

filed this action alleging unlawful use of Plaintiffs' "Ghost

Rider" characters and story.  On June 8, 2007, Defendants moved

to dismiss the Complaint in part pursuant to Federal Rule of

Civil Procedure 12(b)(6).  On May 19, 2009, this Court referred

Defendants' Motion to the Honorable James C. Francis IV, United

States Magistrate Judge.  On June 26, 2009, Judge Francis issued

a Report and Recommendation (the "R&R") recommending that

Defendants Motion to Dismiss the state law and Lanham Act claims

asserted in Plaintiffs' Complaint be granted.

Before the Court are Plaintiffs' Objections to Judge

Francis's R&R.  The Court is also in receipt of Defendants'

Response. With respect to those findings in the R&R to which
Plaintiffs do not object, I hereby confirm and adopt the R&R,
having been satisfied that there is no clear error on the face
of the record. See Nelson v. Smith, 618 F. Supp. 1186, 1189
(S.D.N.Y. 1985). With respect to those findings in the R&R to
which specific objection is made, the Court has reviewed the
Complaint and the underlying record de novo. See United States
v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). For the
following reasons, the Court adopts the R&R, overrules
Plaintiffs' Objections, and GRANTS Defendants' Motion to
Dismiss.

## LEGAL STANDARD

When a magistrate judge has issued findings or
recommendations, the district court "may accept, reject, or
modify [them] in whole or in part." 28 U.S.C. § 636(b)(1)(C).
The Court reviews de novo any portions of a magistrate judge's
R&R to which a party has stated a objection. See 28 U.S.C. §
636(b)(1)(C); United States v. Male Juvenile, 121 F.3d 34, 38
(2d Cir. 1997). "[O]bjections to a Report and Recommendation
are to be specific and are to address only those portions of the
proposed findings to which the party objects." Kirk v. Burge,
646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (internal quotation
omitted). "Where no objections are filed . . . the court
reviews the report for clear error." Brown v. Ebert, No. 05

2

Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006)
(internal quotation omitted).

## DISCUSSION[1]

Judge Francis determined that the Copyright Act of 1976
(the "Copyright Act"), 17 U.S.C. § 301 et seq. is the relevant
federal statute in this case.  Plaintiffs do not object to this
finding.

## I.  Plaintiffs Do Not State a Specific Objection to Dismissal

### of All Lanham Act Claims and Several State Law Claims

Plaintiffs do not object to Judge Francis' recommendation
that the state law negligence and Lanham Act claims should be
dismissed.  Accordingly, having been satisfied that there is no
clear error on the face of the record, I hereby confirm and
adopt this portion of the R&R.  See Nelson, 618 F. Supp. at
1189.

Likewise, Plaintiffs make only a general objection to Judge
Francis' recommendation that their state law claims for
conversion, trespass to chattels, unfair competition, waste,
accounting, and right of publicity be dismissed.  Plaintiffs
state that these claims "each address noncopyrightable
intellectual property which is separate and apart from the
materials used in the copyrighted work and thus lie outside the

---

[1]     The Court presumes familiarity with the factual and procedural
background of this case, as it is thoroughly set forth in Judge
Francis's R&R.  Accordingly, the Court will not repeat that background
except where relevant to the analysis set forth here.

3

scope of the Copyright Act." (Pl.'s Opp'n 12.)  Plaintiffs
further state that these state law claims "seek rights and
remedies only afforded by state law protection."  (Id.)
However, Plaintiffs do not specify how each of these six state
law claims protect distinct areas of rights outside the scope of
preemption.  Therefore, Plaintiffs do not state an actionable
objection to the dismissal of these claims based on Copyright
Act preemption, and I review this recommendation for clear
error.

Upon reviewing the R&R, I find that Judge Francis did not
clearly err in dismissing the Lanham Act claims and state law
claims for negligence, conversion, trespass to chattels, unfair
competition, waste, accounting, and right of publicity be
dismissed, and GRANT Defendants' Motion to Dismiss these claims.

II.  Plaintiffs' Claims Under the Illinois Consumer Fraud and
Deceptive Business Practices Act and the Uniform Deceptive Trade

Practices Act Are Preempted by the Copyright Act

Judge Francis found that both Plaintiffs' Illinois Consumer
Fraud and Deceptive Business Practices Act ("CFDBPA") and their
Uniform Deceptive Trade Practices Act ("UDTPA") claims were
preempted by the Copyright Act.  This Court agrees.

In the instant case, Plaintiffs' CFDBPA and UDTPA claims
are premised on a theory of "reverse passing off," in which a
party "sells plaintiff's products as its own."  Reinke & Assocs.

Architects Inc. v. Cluxton, No. 02 Civ. 0725, 2003 WL 1338485, at *2 (N.D. Ill. Mar. 18, 2003) (internal quotation omitted); see also Kluber Skahan & Assocs., Inc. v. Cordogen, Clark & Assoc., Inc., No. 08 Civ. 1529, 2009 WL 466812, at *11 (N.D. Ill. Feb, 25, 2009). Such claims are generally preempted by the Copyright Act. See Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc., 223 F. Supp. 2d 953, 959 (N.D. Ill. 2002).

Plaintiffs here have alleged extra elements beyond those required for copyright infringement. However, all of these claims ultimately "rest[] on the mere act of unauthorized copying." FASA Corp. v. Playmates Toys, Inc., 869 F. Supp. 1334, 1363 (N.D. Ill. 1994). In particular, "consumer confusion and deception . . . have been held to be inherently present in any copyright action and are therefore not considered extra elements that qualitatively alter the nature of a claim where they are asserted." Lacour v. Time Warner, Inc., No. 99 Civ. 7105, 2000 WL 688946, at *7 (N.D. Ill. May 24, 2000). Accordingly, "[t]he fact that the defendants were selling the allegedly infringing works under their own names—and, hence, implicitly misrepresenting the origin of the works or causing confusion in the consuming public" cannot alter the finding of preemption." FASA Corp., 869 F. Supp. at 1363; see also Lacour, 2000 WL 688946, at *7 ("In reverse passing off claims, courts

have held that an allegation of misrepresentation based solely
on an alleged infringer's act of displaying, selling, or
promoting the infringing work as his or her own creation does
not qualitatively alter the nature of the infringement action
enough to remove the state claim from the preemptive reach of
Section § 301(a).").

Therefore, having reviewed the Complaint and the underlying
record de novo, the Court finds that Plaintiffs' CFDBPA and
UDTPA claims are preempted by the Copyright Act and GRANTS
Defendants' Motion to Dismiss these claims.

III. Plaintiffs' Claim for Tortious Interference With Business

Expectancy Is Preempted by the Copyright Act

Judge Francis found that Plaintiffs' claim for tortious
interference with business expectancy was preempted by the
Copyright Act under either New York or Illinois law.  Plaintiffs
do not object to Judge Francis's conflict of law determination,
but do claim that the claim is not preempted.

After reviewing this claim de novo, this Court finds that
Plaintiffs' claim is indeed preempted.  Plaintiff does not
allege any "extra element" apart from the rights protected by
federal copyright law.  See, e.g., American Movie Classics Co.
v. Turner Entertainment Co., 922 F. Supp. 926, 931 (S.D.N.Y.
1996) ("Under this . . . 'extra element' test, a state law claim
is not preempted if the extra element changes the nature of the

6

action so that it is qualitatively different from a copyright
infringement claim. However, an action will not be saved from
preemption by elements such as awareness or intent, which alter
the action's scope but not its nature." (internal quotations
omitted)). In this case, as in Miller v. Holtzbrinck
Publishers, LLC, Plaintiffs' claim of "tortious interference
with business relations . . . seek[s] to redress a legal or
equitable right that is equivalent to exclusive rights protected
by the Copyright Act: [the] exclusive rights to publish, copy
and distribute [a] manuscript under [one's] own name." Miller,
No. 08 Civ. 3508, 2008 WL 4891212, at *2 (S.D.N.Y. Nov. 11,
2008); see also Quadro Enters., Inc. v. Avery Dennison Corp.,
No. 97 Civ. 5402, 1999 WL 759488, at *9 (N.D. Ill. Sept. 8,
1999) ("[T]he tort of interference with prospective economic
advantage is preempted to the extent that it is equivalent to
Section 106's grant to copyright owners the exclusive right to
distribute their copyrighted work.").

Therefore, for the reasons stated above, this Court finds
that Plaintiffs' state law claim for tortious interference with
business expectancy is preempted by the Copyright Act and thus
DISMISSES that claim.

IV. Plaintiffs' Claim of Tortious Interference With Right of
Publicity Fails to State a Claim

7

Plaintiffs state that Judge Francis overlooked their claim for tortious interference with right of publicity. (See Pl. Opp'n 19-20.) On the contrary, Judge Francis properly recommended dismissal of Plaintiffs' right of publicity claim, noting that actions under these laws generally cover individuals only. (See R&R 19-20.) This Court agrees.

Under Missouri law, "the elements of a right of publicity action include: (1) [t]hat defendant used plaintiff's name as a symbol of his identity (2) without consent (3) and with the intent to obtain a commercial advantage." Doe v. TCI Cablevision, 110 S.W.3d 363, 369 (Mo. 2003); see also id. at 370 (stating that "the name used by the defendant must be understood by the audience as referring to the plaintiff"). Likewise, in Illinois, the right of publicity is "[t]he right to control and to choose whether and how to use an individual's identity for commercial purposes." 765 Ill. Comp. Stat. 1075/10 (1999); see also 765 Ill. Comp. Stat. 1075/30 (1999) ("[A] person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent.").

In the instant case, as Judge Francis correctly noted, Plaintiffs failed to allege that Defendants used Friedrich's name without his consent. Accordingly, Plaintiffs have not stated a claim for tortious interference with right of publicity

under either Illinois or Missouri law, and this count must be DISMISSED.

## V.   Plaintiffs Have Not Stated a Claim for Constructive Trust

In Count XVIII of the Complaint, Plaintiffs seek imposition of a constructive trust. In support of this demand, Plaintiffs claim that "[b]y virtue of their acts, Defendants hold illegal profits as constructive trustees for the benefit of Plaintiffs" and that "Friedrich is entitled to the immediate possession of said illegal profits." (Compl. ¶¶ 230, 232.)

As a form of equitable relief, the imposition of a constructive trust requires the absence of an adequate remedy at law. See, e.g., Bertoni v. Catucci, 498 N.Y.S.2d 902, 895 (N.Y. App. Div. 1986) ("As an equitable remedy, a constructive trust should not be imposed unless it is demonstrated that a legal remedy is inadequate."); Volini v. Dubas, 613 N.E.2d 1295, (Ill. App. Ct. 1993) ("A constructive trust is an equitable remedy and therefore will not be imposed where there is an adequate remedy at law.").

As discussed above, Plaintiffs' state law claims either fail to state a cause of action or are preempted by the Copyright Act. As a result, the claim for a constructive trust in connection with the noncopyrightable work is moot.

Plaintiffs also assert the claim for a constructive trust in connection with unauthorized use of copyrightable work. (See

9

Compl. ¶ 228.)   However, claims for the imposition of a
constructive trust based on copyright infringement do not
satisfy the "extra element" test and are thus preempted by the
Copyright Act.   See, e.g., Maurizio v. Goldsmith, No. 96 Civ.
4332, 2001 WL 1568428, at *6 (S.D.N.Y. Dec. 5, 2001) (finding
that "the claim for a constructive trust is preempted" by the
Copyright Act).

　　　　Therefore, Plaintiffs' claim for constructive trust are
either moot or preempted, and the claim must be DISMISSED.

## CONCLUSION

　　　　For all the foregoing reasons, the Court adopts the R&R of
Magistrate Judge Francis in its entirety and GRANTS Defendants'
partial Motion to Dismiss.

**SO ORDERED:**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:　　　New York, New York
　　　　　　April 30, 2010