UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY FRIEDRICH ENTERPRISES, LLC et al.,

                    Plaintiffs,

    - against -

MARVEL ENTERPRISES, INC. et al.,

                    Defendants.

08-CV-01533 (BSJ) (JCF)

ANSWER

Defendants Marvel Entertainment, LLC, successor by merger to Marvel Entertainment, Inc., formerly known and also sued herein as Marvel Enterprises, Inc. ("Marvel Entertainment"), Marvel Studios, LLC, formerly known as Marvel Studios, Inc. ("Marvel Studios") and Marvel Characters, Inc. ("Marvel Characters" and collectively with Marvel Entertainment and Marvel Studios, "Marvel"), Hasbro, Inc. ("Hasbro"), Take-Two Interactive Software, Inc. ("Take-Two"), Columbia Pictures Industries, Inc., also incorrectly sued herein as Columbia Tri-Star Motion Picture Group, ("Columbia"), Crystal Sky LLC ("Crystal"), Relativity Media, LLC ("Relativity"), Michael De Luca Productions, Inc. ("De Luca"), and Sony Pictures Entertainment, Inc. ("SPE" and collectively with the other defendants, "Defendants"), by their attorneys, Haynes and Boone, LLP and Paul, Hastings, Janofsky & Walker LLP, for their answer to the complaint, allege as follows:[*]

       1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and respectfully refer the court to the numerous fictional works in which the Johnny Blaze character has appeared for a full statement of their contents.

---

[*] On June 6, 2007 plaintiffs filed a notice dismissing their claims against Sony Corporation of America.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and respectfully refer the court to the numerous fictional works in which the Johnny Blaze character has appeared for a full statement of their contents.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and respectfully refer the court to the numerous fictional works in which the Johnny Blaze character has appeared for a full statement of their contents.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and respectfully refer the court to the numerous fictional works in which the Johnny Blaze character has appeared for a full statement of their contents.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and respectfully refer the court to the numerous fictional works in which the Johnny Blaze character has appeared for a full statement of their contents.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and respectfully refer the court to the numerous fictional works in which the Johnny Blaze character has appeared for a full statement of their contents.

7.      Deny the allegations in paragraph 7.

8.      Deny the allegations in paragraph 8.

9.      Deny the allegations in paragraph 9.

10.      Deny the allegations in the first sentence of paragraph 10.  Deny the allegations in the second sentence of paragraph 10, except admit that certain Defendants have utilized Marvel's Ghost Rider character and Marvel's other related characters in connection with the production and distribution of a feature length film and the manufacture and sale of toys,

video games and other merchandise with any authorization of Plaintiffs (as defined in the complaint) and aver that no such authorization was required.

11.     Deny the allegations in paragraph 11.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and respectfully refer the court to the numerous fictional works in which the Johnny Blaze character has appeared for a full statement of their contents.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, except, upon information and belief, admit that plaintiff Gary Friedrich Enterprises LLC is an Illinois limited liability company.

14.     Deny the allegations in the first sentence of paragraph 14.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 14.

15.     Deny the allegations in paragraph 15, except admit that Marvel Entertainment, Inc., was formerly known as Marvel Enterprises, Inc. and was formerly a Delaware corporation which maintained its principal place of business in New York and state that insofar as such allegations constitute jurisdictional claims and constitute conclusions of law no responsive pleading is required.

16.     Deny the allegations in paragraph 16, except admit that Marvel Entertainment, Inc. was formerly a Delaware corporation which maintained its principal place of business in New York and state that insofar as such allegations constitute jurisdictional conclusions of law no responsive pleading is required.

17.     Deny the allegations in paragraph 17, except admit that Marvel Characters is a Delaware corporation which maintains its principal place of business in California and state

that insofar as such allegations constitute jurisdictional conclusions of law no responsive pleading is required.

18.     Deny the allegations in paragraph 18, except admit that Marvel Studios is a Delaware corporation which maintains its principal place of business in California and state that insofar as such allegations constitute jurisdictional conclusions of law no responsive pleading is required.

19.     Deny the allegations in paragraph 19.

20.     Deny the allegations in paragraph 20, except admit that the complaint may refer to Marvel Entertainment, Inc., Marvel Enterprises, Inc., Marvel Characters, Inc. and Marvel Studios, Inc. collectively as "Marvel or the "Marvel Defendants."

21.     Deny the allegations in paragraph 21, except admit that Hasbro is a Rhode Island corporation which maintains its principal place of business in Pawtucket, Rhode Island, has a registered agent in Illinois and state that insofar as such allegations constitute jurisdictional conclusions of law no responsive pleading is required.

22.     Deny the allegations in paragraph 22, except admit that Take-Two Interactive Software, Inc. is a Delaware which maintains its principal place of business in New York and state that insofar as such allegations constitute jurisdictional conclusions of law no responsive pleading is required.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.     Deny the allegations in paragraph 24, except admit that SPE is a Delaware corporation, has a registered agent in Illinois, is indirectly owned by Sony Corporation of America and maintains its principal place of business in Culver City, California and state that

insofar as such allegations constitute jurisdictional conclusions of law no responsive pleading is required.

        25.     Deny the allegations in paragraph 25.

        26.     Deny the allegations in paragraph 26, except admit that Columbia is a Delaware corporation, has a registered agent in Illinois, is indirectly owned by SPE and state that insofar as such allegations constitute jurisdictional conclusions of law no responsive pleading is required.

        27.     Deny the allegations in paragraph 27.

        28.     Deny the allegations in paragraph 28, except admit that the complaint may refer to SCA, SPE, Columbia collectively as "Sony."

        29.     Deny the allegations in paragraph 29, except admit that Crystal maintains its principal place of business in Los Angeles, California and state that insofar as such allegations constitute jurisdictional conclusions of law no responsive pleading is required.

        30.     Deny the allegations in paragraph 30, except admit that De Luca is a California corporation which maintains its principal place of business in Culver City, California and state that insofar as such allegations constitute jurisdictional conclusions of law no responsive pleading is required.

        31.     Deny the allegations in paragraph 31, except admit that Relativity is a California limited liability company which maintains its principal place of business in Beverly Hills, California and state that insofar as such allegations constitute jurisdictional conclusions of law no responsive pleading is required.

        32.     Deny the allegations in paragraph 32.

33.     Deny the allegations in paragraph 33, except admit that the complaint may refer to SCA, SPE, Columbia, Crystal Sky, De Luca and Relativity as the "Movie Defendants."

34.     State that the allegations in paragraph 34 constitute conclusions of law as to which no responsive pleading is required.

35.     State that the allegations in paragraph 35 constitute conclusions of law as to which no responsive pleading is required.

36.     Deny the allegations in the first sentence of paragraph 36 and state that insofar as such allegations constitute jurisdictional conclusions of law no responsive pleading is required.  Deny the allegations in the second sentence of paragraph 36.

37.     Deny the allegations in paragraph 37, except admit that Columbia caused a motion picture featuring Marvel's Ghost Rider character to be promoted and exhibited in Illinois.

38.     Deny the allegations in paragraph 38, except admit that Hasbro and Take Two have promoted, advertised and sold merchandise in the State of Illinois and in the Southern District of Illinois.

39.     State that the allegations in paragraph 39 constitute conclusions of law as to which no responsive pleading is required.

40.     Deny the allegations in paragraph 40.

41.     Deny the allegations in paragraph 41.

42.     Deny the allegations in paragraph 42.

43.     Deny the allegations in paragraph 43.

44.     Deny the allegations in paragraph 44.

45.     Deny the allegations in paragraph 45.

46.     State that the allegations in paragraph 46 constitute conclusions of law as to which no responsive pleading is required.

47.     State that the allegations in paragraph 47 constitute conclusions of law as to which no responsive pleading is required.

48.     State that the allegations in paragraph 48 constitute conclusions of law as to which no responsive pleading and to the extent, if any, a response is required, deny such allegations.

49.     Deny the allegations in paragraph 49.

50.     State that the allegations in paragraph 50 constitute conclusions of law as to which no responsive pleading is required.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     State that the allegations in paragraph 52 constitute conclusions of law as to which no responsive pleading is required.

53.     State that the allegations in paragraph 53 constitute conclusions of law as to which no responsive pleading is required and to the extent, if any, a response is required, deny such allegations.

54.     State that the allegations in paragraph 54 constitute conclusions of law as to which no responsive pleading is required and to the extent, if any, a response is required, deny such allegations.

55.     State that the allegations in paragraph 55 constitute conclusions of law as to which no responsive pleading and to the extent, if any, a response is required, deny such allegations.

56.     State that the allegations in paragraph 56 constitute conclusions of law as to which no responsive pleading is required and to the extent, if any, a response is required, deny such the allegations.

57.     Deny the allegations in paragraph 57.

58.     Deny the allegations in paragraph 58.

59.     Deny the allegations in paragraph 59.

60.     Deny the allegations in paragraph 60.

61.     Deny the allegations in paragraph 61, except admit that Magazine Management Co., Inc. published Marvel Spotlight Volume 1, No. 5.

62.     State that the allegations in paragraph 62 constitute conclusions of law as to which no responsive pleading is required and to the extent, if any, a response is required, deny such allegations.

63.     Deny the allegations in paragraph 63, except admit that Magazine Management Co., Inc. was the owner of the copyright in Marvel Spotlight Volume 1, No. 5.

64.     Deny the allegations in paragraph 64.

65.     Deny the allegations in paragraph 65.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and respectfully refer the court to the comic books to which reference is made therein for a full statement of their contents.

67.     Deny the allegations in paragraph 67, except admit that the first appearance of Johnny Blaze was in Marvel Spotlight Volume 1, No. 5.

68.     Deny the allegations in paragraph 68, except admit that the first appearance of Johnny Blaze and certain aspects of his backstory was in Marvel Spotlight Volume 1, No. 5.

69.     Deny the allegations in paragraph 69, except admit that after the publication of Marvel Spotlight Volume 1, No. 5, plaintiff Gary Friedrich ("Friedrich") was engaged to write additional comic books featuring Marvel's Ghost Rider character.

70.     State that the allegations in paragraph 70 constitute conclusions of law as to which no responsive pleading is required and to the extent, if any, a response is required, deny such allegations.

71.     Deny the allegations in paragraph 71.

72.     State that the allegations in paragraph 72 constitute conclusions of law as to which no responsive pleading is required and to the extent, if any, a response is required, deny such allegations.

73.     State that the allegations in paragraph 73 constitute conclusions of law as to which no responsive pleading is required and to the extent, if any, a response is required, deny such allegations.

74.     State that the allegations in paragraph 74 constitute conclusions of law as to which no responsive pleading is required and to the extent, if any, a response is required, deny such the allegations.

75.     Deny the allegations in paragraph 75.

<u>COUNT I</u>
(Copyright Infringement Against Marvel)

76.     Repeat and reallege their answer to the allegations incorporated by reference in paragraph 76.

77.     State that the allegations in paragraph 77 constitute conclusions of law as to which no responsive pleading is required and to the extent, if any, a response is required, deny such allegations.

78.     Deny the allegations in paragraph 78, except deny knowledge or information sufficient to form a belief as to any application by Friedrich to register any copyright.

79.     Deny the allegations in paragraph 79.

80.     State that the allegations in paragraph 80 constitute conclusions of law as to which no responsive pleading is required and to the extent, if any, a response is required, deny such allegations.

81.     State that the allegations in paragraph 81 constitute conclusions of law as to which no responsive pleading is required and to the extent, if any, a response is required, deny such allegations.

82.     Deny the allegations in paragraph 82.

83.     Deny the allegations in paragraph 83.

84.     Deny the allegations in paragraph 84.

85.     Deny the allegations in paragraph 85 and aver that Marvel Spotlight Volume 1, No. 5 was created as a work made for hire by a predecessor in interest of Marvel and, as such Marvel is and always has been the author thereof for copyright purposes.

86.     Deny the allegations in paragraph 86.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.     Deny the allegations in paragraph 88.

89.     Deny the allegations in paragraph 89.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91.

92.     Deny the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93.

94.     Deny the allegations in paragraph 94, except admit that plaintiffs'

permission, license, authorization or consent was neither sought nor required.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96.

## COUNT VI
(Copyright Infringement Against Marvel, SPE,
Columbia, Crystal, Relativity and De Luca)

97.     Repeat and reallege their answer to the allegations in paragraphs 1 through

96.

98.     Deny the allegations in paragraph 98.

99.     Deny the allegations in paragraph 99.

100.    Deny the allegations in paragraph 100.

101.    Deny the allegations in paragraph 101.

102.    Deny the allegations in paragraph 103, except admit that Marvel owns the

intellectual property to which reference is made therein and had the authority to license such

intellectual property to all those to whom it has granted licenses.

103.    Deny the allegations in paragraph 104.

104.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 105.

105.    Deny the allegations in paragraph 106.

106.    Deny the allegations in paragraph 108.

107.    Deny the allegations in paragraph 109.

108.    Deny the allegations in paragraph 110.

109.    Deny the allegations in paragraph 111.

110.    Deny the allegations in paragraph 113.

111.    Deny the allegations in paragraph 114.

112.    Deny the allegations in paragraph 115.

113.    Deny the allegations in paragraph 116.

114.    Deny the allegations in paragraph 117.

115.    Deny the allegations in paragraph 119.

116.    Deny the allegations in 120, except admit that Columbia produced the Ghost Rider Movie (as defined therein) which was released and distributed nationally and internationally and on pay per view, television, cable, satellite television networks, DVD and other home viewable media.

117.    Deny the allegations in paragraph 121, except admit that the Ghost Rider Movie incorporates material from Marvel Spotlight Volume 1, No. 5.

118.    Deny the allegations in paragraph 122.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.

120.    Deny the allegations in paragraph 124.

121.    Deny the allegations in paragraph 125.

122.    Deny the allegations in paragraph 126.

123.    Deny the allegations in paragraph 127.

124.    Deny the allegations in paragraph 128.

125.    Deny the allegations in paragraph 129.

126.    Deny the allegations in paragraph 130.

127.    Deny the allegations in paragraph 131.

128.    Deny the allegations in paragraph 132.

129.    Deny the allegations in paragraph 133.

130.    Deny the allegations in paragraph 134.

131.    Deny the allegations in paragraph 135.

132.    Deny the allegations in paragraph 136, except admit that plaintiffs'

permission, license, authorization or consent was neither sought nor required.

133.    Deny the allegations in paragraph 137.

134.    Deny the allegations in paragraph 138.

COUNT VIII
(Copyright Infringement Against Hasbro and Take-Two)

135.    Repeat and reallege their answer to paragraphs 1 through 138.

136.    Deny the allegations in paragraph 153.

137.    Deny the allegations in paragraph 154.

138.    Deny the allegations in the first sentence of paragraph 155.  Deny the

allegations in the second sentence of paragraph 155, except admit that Hasbro and Take-Two

were granted certain rights  to the Ghost Rider property.

139.    State that the allegations in paragraph 156 constitute conclusions of law as

to which no responsive pleading is required and to the extent, if any, a response is required, deny

such allegations.

140.     State that the allegations in paragraph 157 constitute conclusions of law as to which no responsive pleading is required and to the extent, if any, a response is required, deny such allegations.

141.     Deny the allegations in paragraph 158.

142.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159.

143.     Deny the allegations in paragraph 160.

144.     Deny the allegations in paragraph 161.

145.     Deny the allegations in paragraph 162.

146.     Deny the allegations in paragraph 163.

147.     Deny the allegations in paragraph 164, except admit that plaintiffs' permission, license, authorization or consent was neither sought nor required.

148.     Deny the allegations in paragraph 165.

149.     Deny the allegations in paragraph 166.

<u>FIRST AFFIRMATIVE DEFENSE</u>

150.     The complaint fails to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

151.     The claims in the complaint are barred by the statute of limitations.

<u>THIRD AFFIRMATIVE DEFENSE</u>

152.     The claims in the complaint are barred by laches.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

153.     Plaintiffs, by virtue of their prior conduct, are be estopped from asserting the claims in the complaint.

WHEREFORE, defendants respectfully demand judgment awarding dismissing the complaint, awarding the costs and disbursements of this action including attorneys' fees and granting such other and further relief as to the court may seem just and proper.

Dated: New York, New York
       May 17, 2010

HAYNES AND BOONE, LLP


By: *s/* David Fleischer
        David Fleischer
1221 Avenue of the Americas
26th Floor
New York, NY 10020
(212) 659-7300

PAUL, HASTINGS, JANOFSKY
& WALKER LLP
Jodi A. Kleinick
75 East 55th Street
New York, NY 10022
(212)-318-6000



*Attorneys for Defendants*
    Marvel Entertainment, LLC,
    Marvel Studios, LLC,
    Marvel Characters, Inc.,
    Hasbro, Inc.,
    Take-Two Interactive Software, Inc.
    Columbia Pictures Industries, Inc.
    Crystal Sky LLC,
    Relativity Media, LLC,
    Michael De Luca Productions, Inc. and
    Sony Pictures Entertainment, Inc.