UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GARY FRIEDRICH ENTERPRISES LLC et al.,

                              Plaintiffs,

        -against-

MARVEL ENTERPRISES, INC. et al.,

                              Defendants.

---

Cause No: **1:08-cv-1533(BSJ)(JCF)**


**PROPOSED RULE 26(f)**
**JOINT DISCOVERY PLAN**

Comes now all parties, by and through their undersigned counsel and, pursuant to FRCP 26(f) and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, provide this Proposed Joint Discovery Plan in anticipation of the Rule 16 Conference to be held as ordered by the Court on July 21 2010 at 10:00 a.m.

1. **STATUS OF DEFENDANTS APPEARANCES**.  Based on information available to plaintiffs, plaintiffs initiated this action against the defendants as named in the complaint.  An answer to the complaint was filed, in which the filing parties stated it was being filed on behalf of Marvel Entertainment, LLC, successor by merger to Marvel Entertainment, Inc., formerly known and also sued herein as Marvel Enterprises, Inc.; Marvel Studios, LLC, formerly known as Marvel Studios, Inc.; Marvel Characters, Inc.; Hasbro, Inc.; Take-Two Interactive Software, Inc.; Columbia Pictures Industries, Inc., also incorrectly sued herein as Columbia Tri-Star Motion Picture Group; Crystal Sky LLC; Relativity Media, LLC; Michael De Luca Productions, Inc.; and Sony Pictures Entertainment, Inc.  The entities who are

{00305937- 4 24435-002 }                                          1

identified as answering the complaint thus differ in several respects from the entities named as defendants. Plaintiffs do not at this point agree that the entities they have named as defendants were improperly identified or named or that such named defendants were or are excused from answering the complaint, but at this point plaintiffs are not seeking the entry of a default with respect to any named defendant, pending discovery concerning the parties' identities. It is envisioned that any naming issues can be resolved by amendment of the complaint, the addition of parties as addressed in paragraph 5 below, or by motion.

2. **CONSENT TO MAGISTRATE**. The parties respectfully do not consent to the trial being conducted before a magistrate judge pursuant to 28 USC § 636(c)(1).

3. **BIFURCATION**. The parties agree and jointly request that the case be bifurcated into a liability trial, followed by a separate damages trial and that all discovery relating to the fact or amount of damages, including but not limited to the designation of experts on damages issues, be stayed pending the outcome of the liability trial. A proposed order bifurcating the case is being submitted along with this Report. This report assumes the request for bifurcation will be granted and addresses the deadlines the parties propose for the liability trial only.

4. **INITIAL DISCLOSURES** (FRCP 26(f)(3)(A)): The parties agree that no changes are needed in the timing, form or requirement for disclosures under Rule 26(a). The parties agree that disclosures under Rule 26(a)(1) will be made no later than August 4, 2010.

5. **AMENDING PLEADINGS/ADDING PARTIES:** The parties anticipate the possible desire of plaintiffs to add additional parties affiliated with or who are successors in interest to the named defendants, and that discovery into the issues will be required before such a decision can be made. In addition, defendants have asserted that certain named defendants are misidentified. It is anticipated that any additional parties would be affiliated with or successors in interest to named defendants. The parties do not anticipate that any renaming of parties will effect their representation and anticipate that any parties added will be represented by current defense counsel. Accordingly, the parties propose that the deadline to add parties and amend pleadings be December 15, 2010 to allow the necessary discovery to be completed.

6. **DISCOVERY** (FRCP 26(f)(3)(B)):

    a.    <u>Subjects of Discovery</u>: The parties agree that discovery will be needed on the following subjects: The claims and defenses asserted in the parties' pleadings, the identities of any persons related to the named defendants which may also have received revenues from the alleged infringing actions and/or engaged in other alleged infringing actions in consort, combination or under a purported license from a named defendant, the identities of and the rights/obligations acquired by any successors in interest to the named defendants, including but not limited to The Walt Disney Company and Marvel Entertainment, LLC and defendants' claim that one or more defendants owns the copyrights in issue (including issues related to the basis and source of any claimed rights of alleged predecessors in interest and the alleged relationship between those predecessors and current defendants).

      b.    <u>Discovery & Identification of Experts</u>:  The parties propose that fact discovery other than requests to admit and contention interrogatories, (Local Civ Rule 33.3(c)), be completed on or before  February 15, 2011, that plaintiffs should name experts and produce such experts' reports by March 15, 2011, that defendants should name experts and produce such experts' reports by April 15, 2011, that plaintiffs name rebuttal experts and produce such experts reports by May 15, 2011, that any contention interrogatories be filed on or before June 1, 2011, and that all  discovery be completed on or before July 1, 2011.

      c..    <u>Phased Discovery</u>:  The parties believe that discovery on liability issues should not be conducted in phases or be limited to or focused on particular issues.

6.    **DISPOSITIVE MOTIONS:**  The parties propose that any dispositive motions be filed on or before July 15, 2011.

7.    **ELECTRONIC DISCOVERY** (FRCP 26(3)(C)):  The parties at this time do not believe materials relating to the issues involved in the first trial of a bifurcated proceeding will involve substantial electronically created documents but to the extent they do, believe all such documents will be easily accessible from existing systems and that traditional discovery requests will allow for the location and production of all responsive materials

8.    **PRIVILEGE PRESERVATION ORDER** (FRCP 26(f)(3)(D)):  The parties will negotiate the terms for a suitable privilege preservation and confidentiality stipulation. The stipulation will include a provision that inadvertent production of privileged material does not waive the attorney-client privilege or the right to demand the return of such

material and that demands for return of such material shall be honored. The parties will submit their stipulation to the Court for issuance as a consent order.

Respectfully submitted,

/s/ Charles S. Kramer
**RIEZMAN BERGER, P.C.**
Charles S. Kramer (admitted pro hac vice)
Joseph D. Schneider (admitted pro hac vice)
7700 Bonhomme, 7th Floor
St. Louis, Missouri 63105
Phone: (314) 727-0101
Fax:    (314) 727-6458
ckramer@riezmanberger.com
schneider@riezmanberger.com

**SIMON LESSER, P.C.**
Leonard F. Lesser
420 Lexington Avenue\
New York, New York 10170
Phone: 212-599-5455
Fax:    212-599-5459
llesser@simonlesser.com

**ROTH EVANS, P.C.**
Eric Evans (admitted pro hac vice)
Dawn O'Leary (admitted pro hac vice)
2421 Corporate Centre Drive
Suite 200
Granite City, IL 62040
Phone: (618) 931-5000
Fax:    (618) 931-6474
ewevans@rothlaw.com
dkoleary@rothlaw.com

**ATTORNEYS FOR PLAINTIFFS**
  Gary Friedrich Enterprises LLC
  Gary Friedrich

/s/ David Fleischer
**HAYNES AND BOONE, LLP**
David Fleischer
1221 Avenue of the Americas
26th Floor
New York, New York 10020
Phone: (212) 659-7300
Fax: (212) 884-9567
david.fleischer@haynesboone.com

**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
Jodi A. Kleinick
75 East 55th Street
New York, NY 10022
(212) 318-6000
jodikleinick@paulhastings.com

**ATTORNEYS FOR DEFENDANTS**
  Marvel Entertainment, LLC,
  Marvel Studios, LLC,
  Marvel Characters, Inc.,
  Hasbro, Inc.,
  Take-Two Interactive Software, Inc.
  Columbia Pictures Industries, Inc.
  Crystal Sky LLC,
  Relativity Media, LLC,
  Michael De Luca Productions, Inc. and
  Sony Pictures Entertainment, Inc.