UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GARY FRIEDRICH ENTERPRISES, LLC,
et al.,

                                                                                       08-CV-01533 (BSJ)(JCF)

                Plaintiffs,

vs.

MARVEL ENTERPRISES, INC., et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

COMES NOW, Plaintiffs, Gary Friedrich Enterprises, LLC and Gary Friedrich, by their undersigned attorneys and respectfullly move the Court for an order compelling Defendants, Marvel Entertainment, Marvel Studios, Inc., and Marvel Characters, Inc. to answer Plaintiffs' written interrogatories. In support thereof Plaintiffs' state:

## **FACTS**

Plaintiffs served Defendants with twenty-five written interrogatories. (Exhibit A). Defendants responded with fourteen general objections and used those general objections to object to every single interrogatory. (Exhibit A). In addition, Defendants make specific objections to Interrogatories 2, 3, 4, 5, 15, 19, and 20. (Exhibit A). Following conferences between the parties, the parties have resolved General Objection A, General Objection C, General Objection D, General Objection E, General Objection F, General Objection G, General Objection H, General Objection J, General Objection K, General Objection L, General Objection M, and General Objection N. Defendant will not withdraw General Objection B or

1

General Objection I. These objections include vagueness, ambiguity, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence (General Objection B) and relevancy (General Objection I).

## ANALYSIS

A. The use of general objection is improper.

Federal Rule of Civil Procedure 26(b)(1) permits litigants to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The information sought in discovery need not be admissible, as long as it "appears reasonably calculated to lead to discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Relevance is generally construed broadly. *See* Oppenheimer Funds v. Sanders, 437 U.S. 340, 351 (1978). The liberal discovery permitted by the Federal Rules of Civil Procedure ensures that no relevant facts remain hidden. Northern v. City of Phila., Civ. A. No. 98-6517, 2000 U.S. Dist. LEXIS 4278, *1 (E.D.Pa. Apr. 4, 2000). Moreover, where a party receives evasive or incomplete answers to a discovery request, they are permitted to bring a motion to compel disclosure and, where appropriate, for sanctions. *See* Fed R. Civ. P. 37. The party resisting production bears the burden of persuasion. *See* Fid. & Deposit Co. of Md. v. McCulloch, 168 F.R.D. 516, 520 (E.D.Pa.1996). The resisting party "must show specifically" how the information requested "is not relevant or how each question is overly broad, burdensome or oppressive." Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir.1982).

In this case, Defendant stated a mass of general objections. These objections include vagueness, ambiguity, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and relevancy. They have invoked these general objections in response to every single interrogatory. Defendants has failed to state in their responses to the interrogatories

how each interrogotory is vague, ambiguous, overly broad, unduly burdensome, or how it is not reasonably calculated to lead to admissible evidence, or how it lacks relevancy.  As Defendant has the burden of sustaining their objections to each interrogatory, but have failed to do so, the objections should be over-ruled.

        B.  Defendant's Rule 33.3 Objections are not valid.

Defendant has objected to Plaintiffs' Interrogatories 2, 3, 4, 5, 15, 19 and 20 on the basis of Local Rule 33.3.  (Exhibit A) Plaintiffs agree that Interrogatory 15 may be answered at a later time as it requests the disclosure of expert witnesses and no party is prepared to disclose expert witnesses at this time. However, Plaintiffs do not agree that the remaining interrogatories are barred by Local Rule 33.3.  In particular, Interrogatory 12, Interrogatory 19, and Interrogatory 20 require the identification of documents and lie well outside the scope of Rule 33 and Local Rule 33.3. Similarly, Interrogatory 5 requires the identification of witnesses and is well outside the scope of Rule 33 and Local Rule 33.3.

The Federal Rules of Civil Procedure trump inconsistent interpretations of local rules. Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co. 373 F.3d 241 (2nd Cir. 2004).  If a local rule is constructed in such a way as to contradict a Federal Rule, it is invalid. Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir.1989).  Defendant's interpretation of Local Rule 33.3 is inconsistent with Federal Rule 33(a)(2) and is therefore invalid.  Federal Rule of Civil Procedure Rule 33(a)(2) states: "An  interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time. " Local Rule 33.3©) states: "At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the

3

claims and contentions of the opposing party may be served unless the court has ordered otherwise." Local Rule 33.3(a) states, however, that interrogatories which seek names of witnesses or which seek the identification of the existence, location and general description of relevant documents, including and other physical evidence, or information of a similar nature are allowable. Local Rule 33.3(a).

The scope of Federal Rule 33 has been outlined by several courts. Rule 33 governs the use and timing of two basic types of interrogatories -- identification interrogatories and contention interrogatories. Fischer and Porter Co. v. Tolson, 143 F.R.D. 93, 95 (E.D.Pa. 1992). "Contention interrogatories" are interrogatories asking a party to state what it contends, state all of the facts on which it bases a particular contention, identify the evidence on which it bases its contentions, state the legal or theoretical basis for a contention, and/or explain how the law applies to facts on which it has based any of its claims or defenses, i.e., to "spell out the legal basis for, or theory behind, some specified contention." See, e.g., In re Automotive Refinishing Paint Antitrust Litig., 2006 WL 1479819 (E.D.Pa. May 26, 2006); McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448, 450 (D. Ct. 1996); Fischer and Porter Co., 168 F.R.D. at 450 *citing* In re Convergent Tech. Sec. Litig., 108 F.R.D. 328, 332 (N.D.Cal. 1985). However, discovery requests seeking the identity of witnesses and interrogatories seeking the location of documents or other tangible evidence may be sought while discovery is still in its infancy. In re Convergent Technologies Securities Litigation, 108 F.R.D. at 340-341. Interrogatories that ask a party to identify either: (1) "any and all persons with knowledge" concerning certain allegations in their Complaint, (2) "persons who have provided [them] with information" concerning certain allegations, or (3) documents which support certain of Plaintiffs' allegation are not contention interrogatories. In re Automotive Refinishing Paint Antitrust Litigation 2006 WL 1479819 (E.D.Pa.,2006)

.Interrogatories "which seek the identification of witnesses or documents that support or contradict any of the controverted allegations" in a complaint, do not fall into the category of contention interrogatories. Fischer & Porter Co., 143 F.R.D. at 95.

In this case, the use of these interrogatories is well tailored to further the litigation. As a general matter, a plaintiff asserting copyright infringement must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). What is required for copyright protection is "some minimal degree of creativity," or "the existence of ... intellectual production, of thought, and conception." Id. at 362, 111 S.Ct. 1282 (quoting Burrow-Giles Lithographic Co. v. Sarony, 111 U.S. 53, 59-60, 4 S.Ct. 279, 28 L.Ed. 349 (1884)). Generally, copyright protection begins at the moment of creation of "original works of authorship fixed in any tangible medium of expression," including "pictorial, graphic, and sculptural" works and sound recordings. 17 U.S.C. § 102(a). A work is "fixed" in a tangible medium of expression "when its embodiment in a copy ... is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." 17 U.S.C. § 101. *See* Toney v. L'Oreal USA, Inc., 406 F.3d 905, 909 (7th Cir.2005).

Statements made at the time that Marvel Spotlight #5 was published clearly indicate that Gary Freidrich is the creator and author of the Johnny Blaze/Ghost Rider origin story and the creator and author of the associated characters. (Exhibit B). The only issue in this case regarding ownership is whether Freidrich created the story and characters as work for hire.

The Court has determined that the he Copyright Act of 1976 applies to the issues in this case. Under the 1976 Act, an employer is the author of works made by an employee only if

those works were made within the scope of the employee's employment. *See* <u>Community for Creative Non-Violence v. Reid</u>, 490 U.S. 730, 738, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989). The 1976 Act defines a a "work for hire" as "(1) a work prepared by an employee within the scope of his or her, employment." 17 U.S.C. § 101. If the work is made for hire, " 'the employer or other person for whom the work was prepared is considered the author' and owns the copyright unless there is a written agreement to the contrary." <u>Community for Creative Non-Violence</u>, 490 U.S. at 737, 109 S.Ct. 2166 (*quoting* 17 U.S.C. § 201(b)).  The 1976 Act further states that a work is not a work for hire if the work is neither (1) work created by an employee within the scope of his employment nor (2) "a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." 17 U.S.C. § 101.

These interrogatories seek information which will assist the parties in proving Plaintiffs' case.  Interrogatory #2,  Interrogatory #3, Interrogatory #4 are crafted to obtain information which supports Plaintiffs' allegation that the work can be copyrighted. (Exhibit A). Interrogatory #5 is crafted to identify any witnesses or documents which tend to show that the work was not a work for hire. (Exhibit A). Interrogatory #12 is crafted to identify any parties, entities or witnesses with whom any Marvel defendant may have discussed copyright ownership. (Exhibit A). Interrogatory #19 and Interrogatory 20 are crafted to identify any evidence of copying by any person, party or entity. (Exhibit A). None of these interrogatories are objectionable.

In this case, the interrogatories at issue seek the identity of witnesses and documents. These interrogatories are not contention interrogatories within the scope of Rule 33 or Local

6

Rule 33.3. Defendant's objection should be over-ruled and Defendants should be ordered to answer Plaintiffs' Interrogatories.

Wherefore, Plaintiffs respectfully move the Court for an order over-ruling Defendant's general objections and ordering Defendant to answer Interrogatories 2, 3, 4, 5, 19 and 20, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

By: /s/ Eric Evans

RIEZMAN BERGER, P.C.
Charles S. Kramer, Esq.
Joseph D. Schneider, Esq.
7700 Bonhomme, 7th Floor
St. Louis, Missouri 63105
T: 314.727.0101
F: 314.727.6458

ROTH EVANS, P.C.
Eric Evans, Esq.
Dawn Kamadulski O'Leary, Esq.
2421 Corporate Centre Drive
Suite 200
Granite City, IL 62040
T: 618.931.5000
F: 618.931.6474

SIMON LESSER PC
Leonard F. Lesser, Esq.
420 Lexington Avenue
New York, New York 10170
T: 212.599.5455
F: 212.599.5459

Attorneys for Plaintiffs Gary Friedrich
Enterprises, LLC and Gary Friedrich

## **CERTIFICATE OF SERVICE**

     I hereby certify that the above pleading was filed electronically with the Clerk of the Court using the CM/ECF system this 10th day of February, 2011, which will send notification to all those entitled to receive such notice.

                                          /s/ Eric Evans