```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
GARY FRIEDRICH ENTERPRISES, LLC.  :       08 Civ. 1533 (BSJ) (JCF)
and GARY FRIEDRICH,               :
                                  :       MEMORANDUM
             Plaintiffs,          :       AND ORDER
                                  :
   -against-                      :
                                  :
                                  :
MARVEL ENTERPRISES, INC., MARVEL  :
ENTERTAINMENT, INC., MARVEL       :
STUDIOS, INC., MARVEL CHARACTERS, :
INC., HASBRO, INC., TAKE-TWO      :
INTERACTIVE, COLUMBIA TRI-STAR    :
MOTION PICTURE GROUP, COLUMBIA    :
PICTURES INDUSTRIES, INC., CRYSTAL :
SKY PICTURES, RELATIVITY MEDIA LLC,:
MICHAEL DELUCA PRODUCTIONS, INC., :
SONY PICTURES ENTERTAINMENT, INC. :
and SONY CORPORATION OF AMERICA,  :
                                  :
             Defendants.          :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Plaintiffs Gary Friedrich Enterprises, LLC and its principal, Gary Friedrich, have moved pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave to file an amended complaint.  For the reasons set forth below, their motion is granted.

<u>Background</u>

The plaintiffs originally filed their Complaint on April 4, 2007, in the United States District Court for the Southern District of Illinois.  That Complaint alleged, in substance, that the defendants infringed the plaintiffs' copyrights by making and selling "Ghost Rider," a 2007 motion picture, and related merchandise.  The plaintiffs asserted claims under the United States Copyright Act and the Lanham Act, as well as seventeen

assorted state law claims. (Complaint at 17-61). Ten defendants
answered the Complaint: (1) Marvel Entertainment, LLC (the
successor by merger to Marvel Entertainment, Inc., formerly known
as Marvel Enterprises, Inc.); (2) Marvel Studios, Inc.; (3) Marvel
Characters, Inc.; (4) Hasbro, Inc.; (5) Take-Two Interactive
Software, Inc.; (6) Columbia Pictures Industries, Inc.; (7) Sony
Pictures Entertainment, Inc.; (8) Crystal Sky LLC; (9) Relativity
Media, LLC; and (10) Michael De Luca Productions, Inc.
(collectively, the "current defendants"). (Defendants Memorandum
of Law in Opposition to Plaintiffs' Motion for Leave to Amend
("Def. Memo.") at 1).

After the case was transferred to the Southern District of New
York, the current defendants moved to dismiss the plaintiffs'
Lanham Act and state law claims, arguing that the plaintiffs had
failed to state claims upon which relief could be granted and,
alternatively, that these claims were preempted by the Copyright
Act. (Report and Recommendation dated June 26, 2009 ("6/26/09
R&R") at 6-7). On June 26, 2009, I issued a report recommending
dismissal on the basis of preemption, and that recommendation was
adopted on May 3, 2010. (6/26/09 R&R at 31; Order dated May 3,
2010). The case was then bifurcated into a liability phase and a
damages phase, and discovery in the liability phase commenced.
(Order Directing Separate Trials dated Aug. 3, 2010; Rule 26(f)
Joint Discovery Plan and Order dated July 22, 2010 ("7/22/10
Scheduling Order")).

By that time, Marvel Entertainment, LLC ("Marvel") had already

filed an answer on behalf of Marvel Entertainment, Inc. (formerly Marvel Enterprises, Inc., also a named defendant) as "successor by merger" to that company.  (7/22/10 Scheduling Order, ¶ 1).  Because the plaintiffs were uncertain as to "the identities of and the rights/obligations acquired by any successors in interest to the named defendants," a deadline of December 15, 2010 was set for adding parties and amending the pleadings; in particular, the plaintiffs anticipated adding "additional parties affiliated with or who are successors in interest to the named defendants" after discovery was completed.  (7/22/10 Scheduling Order, ¶¶ 5, 6(a)).  That deadline was later extended to January 12, 2011.  (Memorandum Endorsement dated Dec. 15, 2010).

On January 12, 2011, the plaintiffs filed the instant motion seeking leave to file an amended complaint.  The First Amended Complaint would add 136 additional defendants and reassert the plaintiffs' dismissed Lanham Act and state law claims (in addition to the existing copyright infringement claims) in order to "prevent any claim of abandonment or waiver," "preserve all appellate and related rights," and "assert the right to recover" from the newly-added defendants.  (Proposed First Amended Complaint ("1st Am. Compl.") at 38 & n.2, ¶¶ 16-61).  The current defendants oppose this motion to the extent it seeks to add the Walt Disney Company ("Disney") as a defendant and to reassert the dismissed claims.  (Def. Memo. at 3).

Discussion

 A. <u>Legal Standard</u>

 A motion to amend is generally governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Notwithstanding the liberality of the general rule, "it is within the sound discretion of the court whether to grant leave to amend." <u>John Hancock Mutual Life Insurance Co. v. Amerford International Corp.</u>, 22 F.3d 458, 462 (2d Cir. 1994); <u>accord</u> <u>In re Alcon Shareholder Litigation</u>, 719 F. Supp. 2d 280, 281 (S.D.N.Y. 2010). Regarding the use of this discretion, the Supreme Court has stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should . . . be freely given.

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (internal quotation marks omitted).

 Where, as here, a proposed amendment adds new parties, the propriety of amendment is governed by Rule 21 of the Federal Rules of Civil Procedure. <u>Momentum Luggage & Leisure Bags v. Jansport, Inc.</u>, No. 00 Civ. 7909, 2001 WL 58000, at *1-2 (S.D.N.Y. Jan. 23, 2001). That Rule states that a party may be added to an action "at any time, on just terms." Fed. R. Civ. P. 21. In deciding whether to permit joinder, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." <u>Soler v. G</u>

& U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980) (quoting Fair Housing Development Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)); accord Cortlandt v. Westchester County, No. 07 Civ. 1783, 2007 WL 3238674, at *4 (S.D.N.Y. Oct. 31, 2007); Momentum Luggage, 2001 WL 58000, at *2. Thus, joinder will be permitted absent undue delay, bad faith, prejudice, or futility.

In light of this liberal standard for granting leave to amend and the fact that this motion was timely filed pursuant to my scheduling order, the amendments to the Complaint that are unopposed by the current defendants need not be discussed in detail; the plaintiffs' motion for leave to file an amended complaint is granted to the extent that it asserts claims under the Copyright Act against all of the newly-added defendants other than Disney.

B. Standing

As an initial matter, the plaintiffs assert that the current defendants do not have standing to challenge the First Amended Complaint, which the plaintiffs contend "adds no new claims against" them. (Plaintiffs' Reply Memorandum in Support of Motion for Leave to File First Amended Complaint ("Pl. Reply Memo.") at 2). However, the plaintiffs cite no case law to support this assertion, and indeed, their argument is directly contrary to the scheme for amending pleadings envisioned by Rule 15 of the Federal Rule of Civil Procedure, which allows a court to deny leave to amend when there is "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy

v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (emphasis added). In accordance with this principle, courts routinely entertain arguments by current parties that an amendment adding new parties would prejudice them by delaying the litigation or causing them to incur costs. See, e.g., Sly Magazine, LLC v. Weider Publications L.L.C., 241 F.R.D. 527, 533 (S.D.N.Y. 2007) ("Furthermore, it is evident that Plaintiff's motion to join twelve additional parties at this stage of the litigation will cause Defendants undue prejudice. Joinder . . . would require the reopening of discovery and force Defendants to expend substantial additional resources as a result. In turn, reopening discovery on the scale necessary to accommodate so many new defendants would [undoubtedly] cause significant further delays in this litigation."); Saxholm AS v. Dynal, Inc., 938 F. Supp. 120, 122-23 (E.D.N.Y. 1996) ("The defendants oppose the addition of [another party] as a defendant on the grounds that they will be prejudiced by the delay and expense that the addition of [the new defendant] would cause."). Ultimately, in order to have standing an individual must face "an injury [that is] concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." Monsanto Co. v. Geertson Seed Farms, __ U.S. __, __, 130 S. Ct. 2743, 2752 (2010). The addition of claims and parties to an existing lawsuit in which the defendants are actively involved is plainly such an injury; the current defendants therefore have standing to challenge the plaintiffs' motion.

C.   Futility

Joinder may be denied as futile if the proposed pleading would not withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197 (2005).  To overcome objections of futility, the moving party must merely show that it has "at least colorable grounds for relief." Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 783 (2d Cir. 1984) (internal quotation marks and citation omitted); accord Gilmore v. Gilmore, No. 09 Civ. 6230, 2010 WL 4910211, at *2 (S.D.N.Y. Nov. 15, 2010).

As when considering a motion under Rule 12(b)(6), a court evaluating the futility of an amendment to a complaint must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam); Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004).  A complaint need not contain detailed factual allegations, but it must contain more than mere "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949-50 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)).

Because determinations of futility on a motion for leave to amend are subject to the same standards as motions under Rule 12(b)(6), "[f]utility is generally adjudicated without resort to

7

any outside evidence." Wingate v. Gives, No. 05 Civ. 1872, 2009 WL 424359, at *5 (S.D.N.Y. Feb. 13, 2009) (citing Nettis v. Levitt, 241 F.3d 186, 194 n.4 (2d Cir. 2001)); accord Cecilio v. Kang, No. 02 Civ. 10010, 2004 WL 2035336, at *17 (S.D.N.Y. Sept. 14, 2004) ("Normally, a motion for leave to amend is adjudicated without resort to any outside evidence."), report and recommendation adopted, 2004 WL 2158007 (S.D.N.Y. Sept. 27, 2004).  However, "'when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint,' the court may nevertheless take that document into consideration in deciding the defendants' motion to dismiss." Nghiem v. United States Department of Veterans Affairs, 451 F. Supp. 2d 599, 603 (S.D.N.Y. 2006) (quoting Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)), aff'd, 323 Fed. Appx. 16 (2d Cir. 2009), cert. denied, __ U.S. __, 130 S. Ct. 1121 (2010); see also, e.g., Egan v. Marsh & McLennan Cos., No. 07 Civ. 7134, 2008 WL 245511, at *5 (S.D.N.Y. Jan. 30, 2008) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)) (in deciding motion to dismiss, court can consider document that is (1) "undisputedly authentic," (2) "central to plaintiff's claims," and (3) relied on by plaintiff when drafting complaint); Commer v. McEntee, No. 00 Civ. 7913, 2006 WL 3262494, at *7-8 (S.D.N.Y. Nov. 9, 2006) ("The Court may consider outside documents that are integral to the complaint, regardless of whether those documents are attached to the complaint, so long as the pleader has given notice of them or

refers to them."); <u>Bank of America Corp. v. Lemgruber</u>, 385 F. Supp. 2d 200, 228 (S.D.N.Y. 2005) ("Courts may also consider 'documents either in plaintiff's possession or of which plaintiff [] had knowledge and relied on in bringing suit.'" (alteration in original) (quoting <u>Brass v. American Film Technologies, Inc.</u>, 987 F.2d 142, 150 (2d Cir. 1993)); <u>Adams v. Crystal City Marriott Hotel</u>, No. 02 Civ. 10258, 2004 WL 744489, at *4 (S.D.N.Y. April 6, 2004) (granting plaintiff leave to amend complaint based on outside evidence and noting "the rules designed to exclude extraneous evidence from consideration on a 12(b)(6) motion apply awkwardly when plaintiff, rather than defendant, offers the extraneous evidence").

### 1. Adding Disney

The defendants posit that adding Disney as a defendant in this action would be futile because any claim for relief asserted against Disney as Marvel's corporate parent would not survive a motion to dismiss. (Def. Memo. at 6-9). The plaintiffs contend that Disney is properly a defendant because (1) it is the alter ego of Marvel, and therefore the successor in interest to Marvel Entertainment, Inc., and (2) it can be held liable as a parent for copyright infringement based on "the nature of copyright claims, the language of the copyright statue, and the caselaw interpreting the same." (Pl. Reply Memo. at 5-7).

### a. Alter Ego

During the pendency of this litigation, Disney effected the acquisition of Marvel Entertainment, Inc. by creating Marvel, which

then merged with Marvel Entertainment, Inc. and "other related Marvel entities and subsidiaries." (Pl. Reply Memo. at 5). A purchasing corporation "is generally not liable for the seller's liabilities," except when "'(1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations.'" New York v. National Service Industries, Inc., 460 F.3d 201, 209 (2d Cir. 2006) (quoting Schumacher v. Richards Shear Co., 59 N.Y.2d 239, 245, 464 N.Y.S.2d 437, 440 (1983)). Further, under New York law, "'a parent company is not automatically liable for the acts of its wholly-owned subsidiary.'" Connolly v. Dresdner Bank AG, No. 08 Civ. 5018, 2009 WL 1138712, at *3 (S.D.N.Y. April 27, 2009) (quoting Beck v. Consolidated Rail Corp., 394 F. Supp. 2d 632, 637 (S.D.N.Y. 2005)). Thus, while Marvel is clearly the successor in interest to Marvel Entertainment, Inc. through their merger -- and has accordingly appeared as a defendant here -- Disney is not liable for the claims against Marvel Entertainment, Inc. simply because it is now the parent company.

However, Disney could be liable if the plaintiffs can show that Marvel is an "alter ego" of Disney. See Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 195 (2d Cir. 2010) ("A parent corporation may [] be held liable for the acts of its subsidiary when the subsidiary is merely an alter ego of the parent."). In the Second Circuit, this is determined using a two-pronged test

that asks "(1) whether the entities in question operated as a single economic entity, and (2) whether there was an overall element of injustice or unfairness." NetJets Aviation, Inc. v. LHC Communications, LLC, 537 F.3d 168, 177-78 (2d Cir. 2008) (noting that "[t]hese principles are generally applicable as well where one of the entities in question is an LLC rather than a corporation"); see also In re Vebeliunas, 332 F.3d 85, 91-92 (2d Cir. 2003) ("To pierce the corporate veil under New York law, a plaintiff must prove that: (1) the owner exercised such control that the corporation has become a mere instrumentality of the owner, who is the real actor; (2) the owner used this control to commit a fraud or 'other wrong'; and (3) the fraud or wrong results in an unjust loss or injury to the plaintiff.").

Meeting this test requires more than "conclusory allegations of control"; the party seeking to establish alter ego liability must plead sufficient "factual allegations to establish that [the parent]'s domination of [the alleged alter ego] was the means by which a wrong was done to plaintiff." Ross Products Division Abbott Laboratories Inc. v. Saper, No. 06 CV 3264, 2007 WL 1288125, at *6 (E.D.N.Y. April 26, 2007); see also Kiobel, 621 F.3d at 195 ("[A] claim sufficient to overcome the presumption of separateness afforded to related corporations is not established by the bare allegation that one corporation dominated and controlled another." (internal quotation marks and citation omitted)). Moreover, dismissal of an alter ego claim at the pleading stage is appropriate where "the pleadings are devoid of any specific facts

or circumstances supporting" the assertion of alter ego liability. De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996); see also Lewis v. Abbott Laboratories, No. 08 Civ. 7480, 2009 WL 2231701, at *7 (S.D.N.Y. July 24, 2009) (dismissing claim where "plaintiff has failed to allege facts to support piercing the corporate veil"); Kalin v. Xanboo, Inc., No. 04 Civ. 5931, 2009 WL 928279, at *11 (S.D.N.Y. March 30, 2009) (granting motion to dismiss where "Plaintiffs['] allegations are insufficient to carry the 'heavy burden' placed on a party who seeks to pierce the corporate veil"); cf. Tycoons Worldwide Group (Thailand) Public Co. v. JBL Supply Inc., 721 F. Supp. 2d 194, 207 (S.D.N.Y. 2010) ("Typically [] alter ego claims are decided on a more expansive record . . . . However, plaintiff has not argued that summary judgment dismissing the alter ego claims . . . is premature or that any further discovery is needed . . . . Because plaintiff has not so argued, and because plaintiff has not met its burden of introducing facts sufficient to support alter ego liability against [the defendant], [the defendant] is entitled to summary judgment dismissing plaintiff's claims against him.").

The First Amended Complaint alleges that "Marvel Entertainment LLC is a mere alter ego or instrumentality of Disney," but pleads no facts in support of this conclusory assertion other than the fact that Disney "form[ed] an instrumentality . . . called Marvel Entertainment, LLC" and then "caus[ed] Marvel Entertainment LLC to enter into a merger with Marvel Entertainment for the interest, profit and benefit of Disney." (1st Am. Compl., ¶¶ 27, 30). These

allegations are insufficient to withstand a motion to dismiss.[1]  As such, amending the complaint to include Disney as a defendant under an alter ego theory of liability would be futile.  See J.B.I. Industries, Inc. v. Suchde,  No. 99 Civ. 12435, 2000 WL 1174997, at *18 (S.D.N.Y. Aug. 17, 2000) (collecting cases).

b.    Copyright Liability

The plaintiffs argue in the alternative that Disney is liable for copyright infringement by Marvel because, specifically under copyright law, "[a] parent can be held accountable if there is evidence shown that the parent is involved with control of the subsidiary, and is involved in the decisions, processes, or personnel responsible for the infringing activity."  (Pl. Reply Memo. at 7 (citing Banff Ltd. v. Limited, Inc., 869 F. Supp. 1103, 1108 (S.D.N.Y. 1994)).

> [T]o prevail against a parent corporation on the theory of vicarious copyright infringement, the plaintiff must present evidence that the parent has done more in relation to the infringing activity than simply be the parent. In more precise terms, the plaintiff must show that the parent has a direct financial interest in the infringing activity, and that the parent has the right and ability to supervise the subsidiary, which is evidenced by some continuing connection between the two in regard to the infringing activity.

Banff Ltd., 869 F. Supp. at 1110; see also Broadvision Inc. v.

---

[1] Marvel Worldwide, Inc. v. Kirby, No. 10 Civ. 141, 2010 WL 4840081 (S.D.N.Y. Nov. 22, 2010), does not hold otherwise. Contrary to the plaintiffs' assertion, the court in that case did not approve "Disney's liability for prior actions of Marvel Entertainment Inc. due to the merger" (Pl. Reply Memo. at 7), but rather found that, although "no facts have been pleaded here to support piercing the corporate veil between Disney and Marvel," Disney was subject solely to declaratory relief because it was now in a position to exploit Marvel's assets and potentially to violate the adversary's rights in the future.  Id. at *11.

General Electric Co., No. 08 Civ. 1478, 2009 WL 1392059, at *4
(S.D.N.Y. May 5, 2009) ("To state a claim for vicarious liability
against a parent for the actions of its subsidiary, a plaintiff
must show more than just a legal relationship between the parent
and the subsidiary or that the parent benefits from its ownership
of the subsidiary."); Dauman v. Hallmark Card, Inc., No. 96 Civ.
3608, 1998 WL 54633, at *6 (S.D.N.Y. Feb. 9, 1998) ("[A] parent
corporation can be liable only if there is a substantial continuing
involvement by the parent specifically with [] respect to the
allegedly infringing activity of the subsidiary.").

The First Amended Complaint does not on its face allege
specific facts that would establish any such connection between
Disney and the allegedly infringing acts of Marvel, making only a
single vague assertion that the actions of Disney, Marvel, and
related companies

> relevant to this action were taken by each of such
> entities (or by their predecessors in interest) on behalf
> of themselves (or for predecessors in interest) and for
> each other, and as agents and/or instrumentalities of
> each other (or each other's predecessors in interest) and
> pursuant to a joint venture and common design.

(1st Am. Compl., ¶ 32).

However, in support of their motion for leave to amend the
complaint, the plaintiffs have introduced Disney's publicly
available annual report, citing in particular to sections in which
Disney states its intent "to distribute all Marvel produced films"
and to "successfully integrate Marvel products into the combined
company's various distribution channels." (Pl. Reply Memo. at 4-5;
The Walt Disney Company, Fiscal Year 2010 Annual Financial Report

14

and Shareholder Letter, attached as Exh. A to Declaration of Charles Kramer dated Feb. 25, 2011, at 13, 22).  This evidence is properly considered because its authenticity is not in dispute, and because the plaintiffs have possession of it and relied on it.[2] See Egan, 2008 WL 245511, at *5; Lemgruber, 385 F. Supp. 2d at 228. Although it does not establish a sufficient degree of control over Marvel to pierce the corporate veil, when considered in conjunction with the First Amended Complaint, this evidence is sufficient to state a claim for vicarious liability for copyright infringement against Disney, as the plaintiffs allege ongoing distribution of allegedly infringing material.  (1st Am. Compl., ¶¶ 107, 117, 118, 123, 139, 154).  See Dauman, 1998 WL 54633, at *6 ("'[T]here must be indicia beyond the mere legal relationship showing that the parent is actually involved with the decisions, processes, or personnel directly responsible for the infringing activity.'" (quoting Banff Ltd., 869 F. Supp. at 1109)).  Accordingly, the plaintiffs' motion for leave to amend the complaint to add Disney as a defendant is granted.

    2.  <u>Restating Claims</u>

The defendants also object to the First Amended Complaint to the extent that it reasserts dismissed claims against any defendants -- current or newly-added -- arguing that these claims are futile under the "law of the case" doctrine.  (Def. Memo. at 4-

---

[2] If this evidence were excluded as beyond the four corners of the proposed amended pleading, it would nevertheless be appropriate to grant the plaintiffs leave to proffer a further amended complaint incorporating that information.  That hardly seems an efficient way to proceed.

5).   The "law of the case" doctrine posits that "'when a court decides upon a rule of law, that decision should [generally] continue to govern the same issues in subsequent stages <u>in the same case</u>.'" <u>CSX Transportation, Inc. v. New York State Office of Real Property Services</u>, 306 F.3d 87, 99 n.10 (2d Cir. 2002) (alterations in original) (quoting <u>Arizona v. California</u>, 460 U.S. 605, 618 (1983)).   Developed as a means of encouraging the settlement of disputes "with reasonable dispatch," <u>Skil Corp. v. Millers Falls Co.</u>, 541 F.2d 554, 559 (6th Cir. 1976), the doctrine motivates courts "generally to refuse to reopen what has been decided," <u>Devilla v. Schriver</u>, 245 F.3d 192, 197 (2d Cir. 2001) (internal quotation marks and citation omitted).

Here, the First Amended Complaint itself notes that the dismissed claims are being reasserted only because the plaintiffs wish to preserve their right to appeal the dismissal of these claims and to recover on them from all of the newly-added defendants should they succeed in their appeal. (1st Am. Compl. at 38 n.2).   Although this would not be necessary to preserve their right to appeal with respect to the dismissed claims against the current defendants, <u>see</u> <u>P. Stolz Family Partnership L.P. v. Daum</u>, 355 F.3d 92, 96 (2d Cir. 2004) ("We will not require a party, in an amended complaint, to replead a dismissed claim in order to preserve the right to appeal the dismissal."), the plaintiffs also seek leave to appeal these claims as they apply to the newly-added defendants.   Thus, in light of the "liberal amendment and joinder standards of Rules 15, 20, and 21" of the Federal Rules of Civil

16

Procedure, it is appropriate for the plaintiffs to file the First Amended Complaint reasserting the dismissed claims; once the complaint is filed, those claims will be dismissed with respect to all defendants for the reasons set forth in the June 26, 2009 Report and Recommendation. See Newton v. City of New York, No. 07 Civ. 6211, 2010 WL 1328461, at *1 (S.D.N.Y. April 1, 2010).

Conclusion

For the reasons set forth above, the plaintiffs' motion for leave to file the First Amended Complaint is granted.


SO ORDERED.


JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE


Dated:     New York, New York
           March 22, 2011

Copies mailed this date to:

Leonard F.Lesser, Esq.
Simon-Lesser PC
420 Lexington Avenue
New York, New York 10170

Charles S. Kramer, Esq.
Joseph D. Schneider, Esq.
Riezman Berger P.C.
7700 Bonhomme Avenue
7th Floor
St. Louis, IL 63105


17

Dawn K. O'Leary, Esq.
Eric W. Evans, Esq.
Roth, Evans & Landing
2421 Corporate Centre Drive, Suite 200
Granite City, IL 62040

David Fleischer, Esq.
Haynes and Boone, LLP
30 Rockefeller Plaza, 26th Floor
New York, New York 10112

Steven T. Catlett, Esq.
Paul Hastings Janofsky & Walker LLP
191 North Wacker Drive 30th Floor
Chicago, IL 60606

Jodi A. Kleinick, Esq.
Paul Hastings Janofsky & Walker LLP
75 East 55th Street
New York, New York 10022