```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
GARY FRIEDRICH ENTERPRISES, LLC      :    08 Civ. 1533 (BSJ) (JCF)
and GARY FRIEDRICH,                  :
                                     :          MEMORANDUM
              Plaintiffs,            :          AND  ORDER
                                     :
     -against-                       :
                                     :
                                     :
MARVEL ENTERPRISES, INC., et al.,    :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

This is a copyright infringement action in which Gary Friedrich Enterprises, LLC and its principal, Gary Friedrich, allege that the defendants misappropriated characters and story elements developed by Mr. Friedrich when they created and distributed the movie "Ghost Rider" and related merchandise. The plaintiffs now move to compel all defendants to provide further responses to Plaintiffs' First Requests for Production of Documents.[1]  They also move to compel various sets of defendants to answer Plaintiffs' First Set of Interrogatories. These motions are resolved as set forth below.

---

[1] The requests to produce were directed to all defendants who were named in the original complaint; the plaintiffs have subsequently filed an amended complaint identifying additional defendants.

1

Document Requests

The plaintiffs' document request consists of 130 separate demands addressed to all defendants. (Defendants' Responses and Objections to Plaintiffs' First Requests for Production of Documents ("Def. Doc. Resp."), attached as Exh. B to Declaration of David Fleischer dated March 7, 2011 ("Fleischer Decl.")). In response, the defendants asserted a number of general objections, objected to certain requests specifically, and produced some 2,600 documents consisting of approximately 34,000 pages. (Def. Doc. Resp.; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Compel ("Def. Doc. Memo.") at 5). The plaintiffs now take issue with the defendants' responses in a number of respects.

First, the plaintiffs complain that the defendants have not conducted a complete search of their records because they have declined to examine data contained in their computer system back-up tapes. (Memorandum in Support of Motion to Compel (Docket no. 62) ("Pl. Doc. Memo.") at 5-6). The defendants respond that the information in the tapes is not "reasonably accessible" and that the plaintiffs have failed to demonstrate the value of undertaking a search. (Def. Doc. Memo. at 5-8). This issue is not ripe for determination. The defendants have not provided sufficiently detailed information to establish that the information is "not reasonably accessible because of undue burden or cost." Fed. R.

Civ. P. 26(b)(2)(B).  Counsel have provided only the most general description of the nature of the back-up media utilized by some of the defendants and have made the conclusory representation that "Marvel has obtained an estimate from an outside consultant indicating that the cost of de-duplicating and restoring the backup tapes in its possession would be approximately $800,000."  (Def. Doc. Memo. at 7-8).  By the same token, the plaintiffs have presented no evidence that the back-up tapes are likely to contain unique and relevant data unavailable from other sources.  See Aguilar v. Immigration & Customs Enforcement Division, 255 F.R.D. 350, 360 (S.D.N.Y. 2008) (declining to compel defendants to search back-up tapes where "the cost of . . . additional discovery is unquestionably high and the likely benefit low" and "[p]laintiffs have not shown that there is a likelihood of recovering important information not previously disclosed").  Accordingly, the plaintiffs' application to compel a search of the back-up media is denied without prejudice to renewal after discovery has been taken with respect to the configuration of the defendants' back-up systems, the cost of restoring the data to active status, and the nature of the information in the back-up media relative to that which is currently available.

Next, the plaintiffs contend that the defendants have improperly withheld all documents created after the commencement of

this litigation. (Pl. Doc. Memo. at 6-8). According to the defendants, this is a misunderstanding. They assert that they have merely declined to include in their privilege log communications that post-date the filing of the complaint, since substantial numbers of documents subject to the attorney-client privilege and the work product doctrine have been and will continue to be generated. (Def. Doc. Memo. at 9-10). The defendants' point with respect to the privilege log is well-taken; they need not individually identify each privileged communication created in connection with this litigation. See, e.g., Capitol Records, Inc. v. MP3tunes, LLC, 261 F.R.D. 44, 51 (S.D.N.Y. 2009). However, the defendants do seem to have limited certain of their responses to documents created prior to this litigation. For example, in their response to Request no. 43, they object in part on the basis that the demand "seeks communications on or after March 30, 2007." (Def. Doc. Resp., ¶ 43). To the extent the defendants restricted their production in this manner, their objection is overruled.

The defendants have objected to the production of documents relating to damages. (Def. Doc. Memo. at 10-11). They rely on the order issued in this case on August 3, 2010, bifurcating liability and damages issues and staying all discovery concerning damages until final determination of liability. (Order dated Aug. 3, 2010, attached as Exh. A to Fleischer Decl.). In response, the

4

plaintiffs have withdrawn a number of their document requests. (Letter of Eric W. Evans dated April 19, 2011 ("Evans Letter")). To the extent remaining requests pertain to damages, the defendants' objections are upheld.

The defendants also object that a number of the plaintiffs' requests are premature contention interrogatories recast as document demands. (Def. Doc. Memo. at 13-14). These requests generally ask for all documents supporting certain of the defendants' contentions. (Def. Doc. Memo. at 13-14). However, a party is required at the outset of litigation, and without waiting for a discovery request, to produce "a copy . . . of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(ii). The plaintiffs' requests track this obligation, and the defendants' objections are therefore overruled.

Finally, the defendants declined to produce documents relating to claims of ownership in the Ghost Rider character by persons other than the plaintiffs. This objection is overruled. Such documents could well lead to relevant evidence concerning the creation of the characters at issue and the ownership of the copyrights.

Based on the determinations above and my review of each of the

requests and responses, the rulings on each specific request are as follows:

    1. Many of the plaintiffs' requests are overbroad, burdensome, or request irrelevant information. To the extent that the defendants have provided limited responses to some of these requests, their limitations are appropriate. The defendants need not respond further to Requests nos. 1, 2, 3, 4, 8, 22, 23, 24, 26, 34, 35, 68, 98, 99, 100, 102, 103, 105, 109, 115, 118, and 119.

    2. The defendants agreed to produce documents in response to certain requests, and where they have circumscribed the universe of documents the have committed to disclose, the limitations are appropriate. This category encompasses Requests nos. 5, 6, 9, 10, 11, 12, 13, 14, 17, 18, 19, 20, 21, 25, 28, 32, 36, 37, 39, 40, 41, 42, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 65, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 95, 101, 108, 113, 114, 116, 117, 120, 122, and 123.

    3. The defendants have represented that they possess no documents responsive to Requests nos. 7, 106, 107, and 121.

    4. The plaintiffs have withdrawn their demands with respect to Requests Nos. 38, 67, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 96, 97, 110, 111, 112, 124, 125, 126, 127, 128, 129, and 130.

    5. Request no. 64 is vague and ambiguous, and the defendants need not respond.

6. Defendants shall produce all documents responsive to Requests nos. 15, 16, 27, 29, 30, 31, 33, 82, 83, and 84.

7. The defendants shall produce all documents responsive to Requests nos. 43, 44, 66, 69, and 104 without the narrower date restrictions they sought to impose.

Interrogatories

The plaintiffs served each of seven sets of defendants with identical sets of 25 interrogatories. (See, e.g., Responses and Objections of Columbia Pictures Industries, Inc. and Sony Pictures Entertainment Inc. to Plaintiffs' First Set of Interrogatories, attached as Exh. A to Motion to Compel (Docket no. 63); Defendants' Memorandum in Opposition to Plaintiffs' Motion to Compel Answers to Interrogatories at 1). Although the responses varied slightly between the groups of defendants, as, for example, when one defendant objected while another indicated it possessed no responsive documents, the objections were substantially identical. It is therefore appropriate to address all of the defendants' responses collectively.

The defendants object to many of the interrogatories on the ground that they are inconsistent with Local Civil Rule 33.3, which groups interrogatories into three categories. At the outset of discovery, interrogatories must be limited to "seeking names of witnesses with knowledge of information relevant to the subject

7

matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents." Local Civil Rule 33.3(a). During discovery, interrogatories that go beyond these topics "may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the court." Local Civil Rule 33.3(b). And, at the conclusion of discovery, parties may serve contention interrogatories. Local Civil Rule 33.3(c). Here, many of the plaintiffs' interrogatories are objectionable either because they are premature contention interrogatories or because the information sought is better obtained by means of document requests or depositions.

The plaintiffs suggest that Local Civil Rule 33.3 is unenforceable because it is inconsistent with Rule 33 of the Federal Rules of Civil Procedure, at least as the defendants seek to have it applied in this case. (Memorandum in Support of Motion to Compel (Docket no. 64) at 3-4). This contention borders on the frivolous. While the local rule places certain limits on the use of interrogatories -- restrictions that can be overridden in the discretion of the court -- it is entirely consistent with Rule 26(b)(2)(C), which authorizes the court, on its own initiative, to limit the burden and expense of discovery. A local rule that

8

establishes a sequence for discovery and establishes a presumptive preference for certain discovery tools is consistent with this principle and in no way conflicts with Rule 33.

As with the requests for production, some of the interrogatories have been responded to, some have been withdrawn (Evans Letter), and some seek information irrelevant to the liability phase of this case.

Based on my review of each interrogatory and response, the defendants' objections are ruled upon as follows:

1. The defendants need not answer the following interrogatories, which do not conform to Local Civil Rule 33.3: Interrogatories nos. 2, 3, 4, 5, 15, 19, and 20.

2. The defendants have answered Interrogatories nos. 1, 6, 7, 8, 13, 14, 16, 17, 18, 21, 22, 23, 24, and 25.

3. Interrogatories 9 and 10 seek irrelevant information and need not be answered.

4. Interrogatories nos. 11 and 12 have been withdrawn.

Conclusion

As set forth in detail above, the plaintiffs' motion to compel the production of documents (Docket no. 61) is granted in part and denied in part, and their motions to compel answers to interrogatories (Docket nos. 63, 65, 67, 69, 71, 73, 75) are denied. Where the defendants are required by this order to

produce additional documents, they shall do so within thirty days.

SO ORDERED.

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          April 26, 2011

Copies mailed this date to:

Leonard F. Lesser, Esq.
Simon-Lesser PC
420 Lexington Avenue
New York, New York 10170

Charles S. Kramer, Esq.
Joseph D. Schneider, Esq.
Riezman Berger P.C.
7700 Bonhomme Avenue
7th Floor
St. Louis, IL 63105

Dawn K. O'Leary, Esq.
Eric W. Evans, Esq.
Roth, Evans & Landing
2421 Corporate Centre Drive, Suite 200
Granite City, IL 62040

David Fleischer, Esq.
Haynes and Boone, LLP
30 Rockefeller Plaza, 26th Floor
New York, New York 10112

Steven T. Catlett, Esq.
Paul Hastings Janofsky & Walker LLP
191 North Wacker Drive 30th Floor
Chicago, IL 60606

Jodi A. Kleinick, Esq.
Paul Hastings Janofsky & Walker LLP
75 East 55th Street
New York, New York 10022

Jodi A. Kleinick, Esq.
Paul Hastings Janofsky & Walker LLP
75 East 55th Street
New York, New York 10022