UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                :
GARY FRIEDRICH ENTERPISES,      :
LLC and GARY FRIEDRICH,         :
            Plaintiffs,         :
                                :   08 CV. 01533 (BSJ)(JCF)
         v.                     :   **Memorandum & Order**
                                :
MARVEL ENTERPRISES, INC.,       :
et al.,                         :
                                :
            Defendants.         :
--------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On April 4, 2007, Plaintiffs Gary Friedrich Enterprises, LLC and Gary Friedrich ("Friedrich")(together, "Plaintiffs") filed an action alleging unlawful use of Plaintiffs' "Ghost Rider" characters and story. On May 3, 2010, the Court dismissed all of Plaintiffs' claims except the copyright infringement claim. On December 15, 2010, Marvel Entertainment, Inc. (formerly known as and also sued as Marvel Enterprises, Inc.), Marvel Studios, Inc., and Marvel Characters ("Marvel" or "Defendants") brought three counterclaims against Plaintiffs alleging copyright infringement, trademark infringement, and a violation of the Lanham Act on the basis of false description, false representation, and false designation of origin.

On January 5, 2011, Plaintiffs moved to dismiss these counterclaims for lack of personal jurisdiction pursuant to

1

Rule 12(b)(2), lack of venue pursuant to 12(b)(3), and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The Court referred Plaintiffs' Motion to Magistrate Judge Francis for a report and recommendation. On May 4, 2011, Magistrate Judge Francis issued a Report and Recommendation ("R&R") recommending Plaintiffs' Motion to Dismiss Defendants' Counterclaims be denied.

Judge Francis found that (1) the Court may exercise personal jurisdiction over Plaintiffs and that venue is proper in this district because Defendants counterclaims are compulsory; (2) Marvel's copyright infringement claim with its underlying ownership claim is timely; and (3) Marvel adequately pleaded the required elements of each of its three counterclaims.

Before the Court are Plaintiffs' Objections to the R&R. The Court is also in receipt of Defendants' Response. Plaintiffs object generally to the findings of the R&R and make two specific objections both relating to the Court's finding that Defendants have adequately plead the elements of their trademark infringement and Lanham Act claims.

With respect to those findings in the R&R to which Plaintiffs make only general objections, the Court reviews for clear error. See Kirk v. Burge, 646 F.Supp.2d 534, 538

(S.D.N.Y. 2009). With respect to those findings in the R&R to which specific objections were made, the Court reviews de novo Defendants Counterclaims and the underlying record. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). For the following reasons the Court adopts the R&R, overrules Plaintiffs' objections, and DENIES Plaintiffs' Motion to Dismiss.

## LEGAL STANDARD

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1). The Court reviews de novo any portions of a Magistrate Judge's report to which a petitioner or other party has stated an objection. 28 U.S.C. § 636(b)(1); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." Kirk v. Burge, 646 F.Supp.2d 534, 538 (S.D.N.Y. 2009)(internal quotation omitted). "Where no objections are filed, or where the objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] the court reviews the report for clear error."

3

Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006)(internal quotation omitted).

### DISCUSSION

Plaintiffs dispute all of the findings of the R&R for the reasons set forth in their underlying papers and provide additional briefing as to their two specific objections discussed below.[1]  (Objection at 2.)

Having reviewed the R&R for clear error, the Court finds the R&R thorough, well-reasoned, and not clearly erroneous.  Accordingly, the Court confirms and adopts the R&R's finding that the Court has personal jurisdiction over Plaintiff and venue is proper for Defendants compulsory counterclaims and therefore Plaintiffs' motion to dismiss on the grounds of lack of personal jurisdiction and lack of venue is DENIED.  Further, the Court confirms and adopts the R&Rs finding that Defendants copyright claim is not time-barred and Defendants adequately pleaded all of the elements of that claim.  Therefore Plaintiff's motion to dismiss Defendants copyright infringement claim is DENIED.

---

[1] The Court presumes familiarity with the factual and procedural background of this case, as it is thoroughly set forth in Judge Francis's R&R.  Accordingly, the Court will not repeat that background except where relevant to the analysis set forth here.

4

Plaintiffs object on two specific grounds to the R&R's finding that Marvel's trademark infringement counterclaims[2] were adequately pled on two separate and independent grounds. (Objection at 2.) With respect to these two specific objections, the Court considers them de novo.

In their first objection, Plaintiffs claim the R&R erred in assuming that Defendants allegation of Plaintiffs single use of the phrase "Ghost Rider" on a poster Plaintiff produced is sufficient to support Defendants trademark infringement counterclaims. (Objection at 2.) Specifically, Plaintiffs argue that the phrase "Ghost Rider" on the poster was used to identify the character being portrayed on the poster, and is thus purely descriptive and is not used in a trademark manner or to designate origin. (Objection at 3.) Plaintiffs contend that Defendants cannot allege trademark infringement for the use of a descriptive phrase unless the descriptive phrase has acquired a secondary meaning. And in this case the Defendants have failed to allege the descriptive phase has a secondary meaning.

---

[2] The R&R addresses the trademark infringement claim and the Lanham Act Claim on the basis of false description, false representation, and false designation of origin claims jointly. (R&R at 12-13, n. 4.) For the reasons stated in the R&R, the Court does the same. However, while the R&R refers to this set of claims as the "trademark infringement claim," this Court refers to them as the "trademark infringement counterclaim" for ease of reference.

5

Having reviewed the Counterclaims and the underlying record, the Court finds that Defendants are entitled to offer evidence supporting its trademark infringement counterclaim given Plaintiffs' sale of a poster with the phrase "Ghost Rider." At this stage in the litigation it is too early to determine if the phrase was used in a descriptive manner as that is a fact-specific inquiry that is inappropriate for determination on a motion to dismiss. FragranceNet.com, Inc. v. Les Parfums, Inc., 672 F. Supp.2d 328, 333-334 (E.D.N.Y. 2009).

In their second objection, Plaintiffs contend that the R&R erred in finding that Defendants adequately alleged the trademark infringement counterclaims of the phrase "Ghost Rider" by claiming Plaintiffs sold pictures of the character Ghost Rider that did not also include the phrase "Ghost Rider" on them or in a descriptive fashion. (Objection at 2.)

Plaintiffs argue that Defendants have not alleged that it owns any registered or unregistered trademark in the physical appearance of the character Ghost Rider or alleged that Plaintiffs have infringed use of the pictoral image. Therefore, according to Plaintiffs the R&R incorrectly found that Defendants adequately stated a counterclaim for trademark infringement of the phrase "Ghost Rider" based on

6

the unique appearance of the character because it is so closely associated in the public's mind with the Ghost Rider name and comic books.

The Court disagrees. As noted by Magistrate Judge Francis "although Marvel does not allege that it owns a trademark for the physical appearance of the Ghost Rider character, it is arguable that the unique appearance of the character is associated in the public's mind with the Ghost Rider name and comic books such that it qualifies for trademark protection." R&R at 14. Ample case law supports this position as cited to in the R&R. See R&R at 14-15. At this stage of the litigation Defendants have sufficiently plead their trademark infringement counterclaims such that Defendants are entitled to offer evidence to support these claims.

In a footnote, Plaintiffs further contend the Magistrate's finding creates an inherent conflict between the Lanham Act and the Copyright Act because one party may have trademark protection over the Ghost Rider image even though another party may own its copyright. (Objection at 5.) However Plaintiffs underlying action claiming a copyright ownership interest in the Ghost Rider image does not provide a basis for dismissal of Marvel Characters' trademark infringement counterclaim at this stage of the

7

litigation. For the purposes of a motion to dismiss, the Court assumes that the facts alleged in Defendants counterclaim are true and must construe them in the light most favorable to Marvel. The Name LLC, 2010 WL 4642456, at *2 (S.D.N.Y. Nov. 16, 2010). Therefore the Court must presume Defendants allegation that they own the copyright to the Ghost Rider image is true. Accordingly, there would be no inherent conflict in this case because the same party would be entitled to copyright and trademark protection.

For the reasons set forth above and for the reasons stated in the R&R the Court confirms and adopts the R&R's finding that Defendants have adequately alleged a claim of trademark infringement. Therefore, Plaintiffs motion to dismiss for failure to state the trademark infringement counterclaims is DENIED.

## CONCLUSION

For the reasons set forth above, the Court adopts the R&R of Magistrate Judge Francis in its entirety and DENIES Plaintiffs' Motion to Dismiss the Defendants counterclaims. The Clerk of the Court is directed to terminate the motion docket 51.

SO ORDERED:

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
July 26, 2011

8