USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 06 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY FRIEDRICH ENTERPRISES, LLC, et al.,

Plaintiffs,

-against-

MARVEL ENTERPRISES, et al.,

Defendants.

08-CV-01533 (KBF) (JCF)

**STIPULATION AND ORDER**

WHEREAS, in accordance with an amended order filed on January 20, 2012 (the "January 20 Order") (Doc. 340) the Court intends to enter a final judgment (the "Final Judgment") in this action allowing any appeal to proceed; and

WHEREAS, in order to avoid potentially unnecessary litigation and in consideration of the tolling agreement and plaintiffs' consent to the injunction set forth below and other good and valuable consideration, defendant and counterclaim plaintiff Marvel Characters, Inc. ("MCI") has agreed to enter into and cause to be filed a stipulation dismissing its second counterclaim (trademark infringement) and third counterclaim (false description, false representation, and false designation of origin under 15 U.S.C. §1125(a)(1)(A) (collectively, the "Trademark Counterclaims") (Doc. 48), without prejudice and without costs to any party,

IT IS HEREBY STIPULATED AND AGREED as follows:

1. The profits realized by plaintiffs in connection with the distribution and sale of goods depicting the Ghost Rider character appearing in *Marvel Spotlight,* Vol. 1, No. 5 (the "Work") which is the subject of MCI's copyright infringement counterclaim amount to $17,000.

2. Upon the entry of the Final Judgment (i) dismissing all claims pleaded in the amended complaint, (ii) awarding damages to MCI against plaintiffs on MCI's counterclaim in the amount of $17,000, (iii) permanently enjoining plaintiffs and all natural or legal persons acting on their behalf or in concert or participation with them from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting, offering for sale, selling, using or purporting to authorize others to use the image of any characters appearing in, or any copyrightable material expressed in, the Work or any materials that are substantially similar to, or based on, any element of the Work in connection with the sale of any goods, merchandise or services including, without limitation, publications, posters, toys, games and playthings, prerecorded videotapes and DVDs featuring live action or animated motion pictures, video game software and other video products, T-shirts and other items of apparel (provided, however, that such injunction shall not prohibit plaintiffs from selling Gary Friedrich's autograph by affixing the same to a product manufactured by MCI or by others under license or permission from MCI and purchased by plaintiffs at retail), and (iv) awarding defendants the costs and disbursements of this action available as a matter of law pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, MCI and plaintiffs will execute and cause to be filed a stipulation dismissing the Trademark Counterclaims without prejudice and without costs to any party.

3. In consideration for MCI's agreement to dismiss the Trademark Counterclaims, plaintiffs consent to an injunction enjoining them and all natural or legal persons acting on their behalf or in concert or participation with them from using or purporting to authorize others to use the words "Ghost Rider" as a trademark, trade name, or similar designation of origin in connection with the sale of any goods, merchandise, or services.

4. The statute of limitations applicable to the Trademark Counterclaims is hereby tolled and if such counterclaims are filed within 90 days after the Final Judgment becomes non-appealable or are reasserted in this action within 90 days after the final determination of any appeal from the Final Judgment which results in this Court reacquiring jurisdiction over this action, the Trademark Counterclaims shall be treated as if they had never been dismissed.

5. Plaintiffs irrevocably submit to the personal jurisdiction of this Court and agree that they will not contest MCI's right to reassert the Trademark Counterclaims in this action within 90 days after the final determination of any appeal from the Final Judgment which results in the District Court reacquiring jurisdiction over this action or within 90 days after the Final Judgment becomes non-appealable based on any objection they now have or hereafter may have based on venue in the Southern District of New York or forum non conveniens.

Dated: February 6, 2012

HAYNES AND BOONE, LLP

By: ______________________
David Fleischer
Sarah Jacobson
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
(212) 659-7300
david.fleischer@haynesboone.com

PAUL HASTINGS LLP
Jodi A. Kleinick
75 East 55th Street
New York, NY 10022-3205
(212) 318-6000

*Attorneys for Defendants and Counterclaim Plaintiff*

RIEZMAN BERGER, P.C.

By: ______________________
Charles S. Kramer
7700 Bonhomme, 7th Fl.
St. Louis, MO 63105
(314) 727-0101
ckramer@riezmanberger.com

ROTH EVANS, P.C.
Eric W. Evans
2421 Corporate Center Drive
Suite 200
Granite City, IL 62040
(618) 931-5000

SIMON LESSER PC
Leonard F. Lesser
420 Lexington Avenue
New York, NY 10170
(2120 599-5455

*Attorneys for Plaintiffs and Counterclaim Defendants*

SO ORDERED:

New York, New York
February 6, 2012

______________________
KATHERINE B. FORREST
United States District Judge